## ELROY MORGAN v. THE STATE.

No. 13003. Delivered February 12, 1930.
Rehearing denied March 19, 1930.
Reported in 25 S. W. (2d) 842.

The opinion states the case.

*Oscar Callaway* of Comanche, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for being a delinquent child; punishment, nine months' confinement in the Boys' Training School.

Appellant was indicted for assault to murder. An affidavit of juvenility was filed and his age established on the trial at fourteen years. The jury found him guilty, and assessed his punishment at nine months in the Boys' Training School.

The contention on the part of the appellant is that the evidence is insufficient to show a specific intent on his part to kill the party whom he assaulted with a knife. There seems no question but that one who is in fact a juvenile, who is found guilty of a violation of any penal law, may be punished by confinement as a delinquent child and sentenced to a term in the Boys' Training School. Davis v. State, 21 S. W. (2d) 1068. In the case just mentioned the subject is treated at some length. It would appear to be immaterial to ascertain whether the jury intended to find the appellant guilty of an assault with intent to murder, or of an aggravated assault, or of simple assault. Under the indictment he might be convicted as a delinquent, if found guilty, of any of the above offenses. If the jury found him guilty of the lowest grade of assault, they would have the right under the statute to adjudge him a delinquent and to punish him by confining him in the Boys Training School at Gatesville for a term longer than that given to this appellant, in their discretion.

An examination of the facts in the instant case leads us to conclude that the jury were justified in accepting the State's testimony and finding that appellant made an assault upon the alleged injured party, with a knife. This being true, we are unable to agree with appellant's contention that the evidence does not justify the conviction.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that the record fails to show that he was adjudged a "delinquent," and therefore a reversal is demanded. The judgment condemned appellant to confinement in the State Juvenile Training School, after the jury had returned a verdict finding him guilty of assault with intent to murder, and fixed said Training School as the place of confinement. The judgment did not specifically recite that appellant was adjudged to be a "delinquent." The finding by the court that appellant was under seventeen years of age fixed his status as a juvenile. When the verdict found him guilty of assault with intent to murder, followed by judgment to the same effect, it brought appellant within the status of a delinquent notwithstanding the omission of such specific recital in the judgment. That part of Art. 1083 C. C. P. applicable reads:

"The term 'delinquent child' shall include any boy under seventeen years of age . . . who violates any penal law of this state." See Davis v. State, 21 S. W. (2d) 1068.

Special charges given at appellant's request sufficiently supplemented the main charge in every essential requisite.

The motion for rehearing is overruled.

*Overruled.*