## PAUL TOMLIN v. STATE.

No. 24870. October 25, 1950.

*John M. Harrod*, Eden, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted under an indictment charging him with being an accessory to the offense of robbery, the jury having assessed a five year prison term, the sole punishment authorized under the court's charge.

The indictment charged one McElreath with the offense of robbery. It was then charged that after the commission of said offense by McElreath and with knowledge thereof, appellant wilfully concealed and gave aid to McElreath in order that he might evade arrest, thus charging appellant with the offense of accessory to robbery.

McElreath, the principal, was indicted for the robbery for which appellant was convicted as an accessory.

But upon trial, McElreath pleaded guilty to the offense of assault with intent to rob, and was convicted of that offense under the indictment charging robbery. The punishment assessed against McElreath was two years in the penitentiary.

Appellant says that the offense of robbery is not enumerated in Art. 695, C.C.P., and does not come within the classification of offenses against the person referred to in Sec. 7 of said act. He argues that the court was without jurisdiction to try the principal, McElreath, under the robbery charge for the offense of assault with intent to rob, therefore, the principal has not been tried, and under the provisions of Art. 81, P.C., the trial court was without jurisdiction to try appellant as an accessory.

We overrule this contention.

Art. 81, P.C., reads as follows: "An accessory may in like manner be tried and punished before the principal when the latter has escaped; but if the principal is arrested he shall be first tried, and if acquitted, the accessory shall be discharged."

Art. 694, C.C.P., authorizes conviction of a lower offense where the prosecution is for an offense which includes it.

Art. 695, C.C.P., sets out certain offenses and classes of offenses which are declared to include different degrees. Robbery is not one of the offenses enumerated.

The rule appears to be that where the offense charged is not within the provisions of said Article 695 C.C.P., in order to warrant a conviction for a lesser offense than that charged in an indictment, it is necessary that every constituent element of the lesser offense be alleged in the indictment, and that there be no repugnancy between the constituent elements of the lesser offense and those of the offense charged.

In Van Arsdale v. State, 149 Tex. Cr. R. 639, 198 S.W. 2d 270, this court stated and applied the above rule, and held that a conviction for theft from the person under an indictment charging the offense of robbery would not be sustained, theft from the person not being included in the charge of robbery.

In Foreman v. State, 57 S.W. 843, the rule stated was recognized, and it was held that the allegations of the indictment charging robbery did not contain the elements of aggravated assault, but only simple assault. See also Munson v. State, 21 Tex. App. 329, 17 S. W. 251; and Huntsman v. State, 12 Tex. App. 619.

Applying the rule here, we find that all of the elements necessary to charge the offense of assault with intent to rob are contained in the indictment charging the offense of robbery by assault against the principal. We hold therefore that the court was not without jurisdiction to try McElreath upon his plea of guilty to the lesser offense of assault with intent to rob under an indictment charging him with the offense of robbery, the state waiving the robbery charge.

Appellant excepted to the court's charge because the jury was instructed in the event of conviction to assess appellant's punishment at five years in the penitentiary, whereas the undisputed evidence showed that McElreath's punishment as principal was only two years in the penitentiary. He further contends that under the provisions of Art. 81, P.C., he was entitled to be discharged because the principal was acquitted.

Upon his case being called for trial the state agreed that McElreath's plea of guilty to the offense of assault with intent to rob be accepted by the court, and thereby waived the more serious charge of robbery.

Conviction of a lesser offense included within the charge against an accused is an acquittal of the higher offense charged.

See Caples v. State, 74 Tex. Cr. R. 127, 167 S.W. 730; Davis v. State, 113 Tex. Cr. R. 429, 21 S.W. 2d 1068.

Art. 81, P.C., requires that the accessory be discharged if the principal is acquitted.

But the principal McElreath was convicted of an offense included in the charge contained in the indictment.

Under the facts we hold that appellant was not entitled to discharge by reason of the conviction of the principal of a lesser offense, but was entitled to a similar reduction in the grade of offense and the punishment to be assessed against him in the event of conviction. See Poston v. State, 12 Tex. App. 408, (413); Dent v. State, 43 Tex. Cr. R. 126, (142), 65 S.W. 627, (629).

In Poston v. State, supra, the principal Lewis had escaped and Poston was upon trial as an accessory to Lewis in the offense of an assault with intent to murder in aiding the principal to evade arrest. The court said:

"* * * That Lewis was guilty of an assault to murder was a fact to be proven by the State. The guilt of Lewis, therefore, must be established to the same degree of certainty as if he were on trial,—the guilt of the accessory depending upon that of the principal. Hence the court must charge the law as fully in regard to the offense charged against Lewis as if he had been on trial. And as the punishment of the accessory is governed by that affixed to the crime committed by the principal (being the lowest penalty to which the principal is liable), if there be lesser offenses contained in the one charge, and the evidence requires it, a charge upon these degrees must be given."

In Dent v. State, supra, in discussing the Poston Case, the court said:

"* * * If the principal has been acquitted, the accessory cannot be prosecuted. If the principal has been acquitted of either degree of homicide, or both of the higher degrees, to wit, murder in the first and second degrees, and convicted of manslaughter, then we take it that the accessory could be convicted of no higher degree of offense than the principal had been convicted. Therefore, although the evidence upon the trial of the case might show that the principal was guilty of a higher grade of offense than he had previously been convicted of, yet appellant

would be entitled to a charge from the court telling the jury that they could not convict him of a higher grade of offense than the principal had been convicted."

The undisputed evidence upon appellant's trial shows McElreath's guilt of robbery, as charged.

But upon the showing of the result of McElreath's trial, appellant was entitled to a similar reduction of punishment, and grade of offense.

The trial court erred in submitting to the jury a higher grade of offense than that of accessory to the offense of assault with intent to rob, and in authorizing a punishment of more than two years, the punishment assessed against the principal McElreath.

It is suggested that it might be preferable to secure an indictment charging appellant as an accessory to the offense of assault with intent to rob rather than to again try him for such offense on the present indictment, and thereby remove the question here raised from the case.

The judgment is reversed and the cause remanded.

Opinion approved by the court.