James Lee CROSS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44429.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

E. Brice Cunningham, Dallas, for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a robbery conviction where the punishment was assessed by the jury at 50 years following appellant's plea of guilty.

In his sole ground of error appellant contends, as we understand it, that there is a fatal variance between the indictment which charged the offense of robbery by assault with firearms and the verdict, judgment and sentence reflecting that appellant had been found guilty of robbery by assault.

■ At the outset we note that a conviction may be had for robbery by assault under an indictment charging robbery by assault with firearms. See Busby v. State, 143 Tex.Cr.R. 72, 157 S.W.2d 394; Tomlin v. State, 155 Tex.Cr.R. 207, 233 S.W.2d 303; Fields v. State, 160 Tex.Cr.R. 498, 272 S.W.2d 120; Foreman v. State, Tex. Cr.App., 57 S.W. 843. It would thus appear to be no fatal variance as contended.

■ Further, the record reflects the State not only did not seek the death penalty, cf. Smith v. State, Tex.Cr.App., 455 S.W.2d 748, but prior to trial filed a motion to delete from the indictment the words "and then and there by using and exhibiting a firearm, to-wit: a gun." The docket sheet reflects the court granted "the motion to delete."

Thereafter the appellant entered his plea of guilty to robbery by assault before the jury after being duly admonished of the consequences of his plea. Such a plea to a felony charge before a jury admits the existence of all facts necessary to establish guilt. Darden v. State, Tex.Cr.App., 430 S.W.2d 494, and cases there cited.

The court thereafter instructed the jury that appellant was charged with "robbery" and to find him guilty upon his plea of guilty and to assess his punishment at "life or any term of years not less than five." The judgment subsequently entered contains the following:

"Upon written motion of the District Attorney, the following wording of the indictment, 'and then and there by using and exhibiting a firearm, to-wit: a gun' is hereby dismissed."

Under these circumstances, there was certainly an effective waiver of the firearms portion of the indictment.

Cases cited by the appellant to the effect that an accused cannot be convicted of an offense not charged in the indictment or information, etc., are not here in point.

The judgment is affirmed.