Paul **MARTINEZ**, Appellant,

v.

The STATE of Texas, Appellee.

No. 44928.

Court of Criminal Appeals of Texas.

Feb. 23, 1972.

Rehearing Denied April 5, 1972.

Emmett Colvin, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, assessed by the jury, thirty-two (32) years.

Appellant entered a plea of guilty, was duly admonished as to the consequences of such a plea and made no effort to withdraw that plea.

Appellant's sole contention is that the evidence introduced at his trial was the fruit

of an illegal search and seizure and, consequently, inadmissible.

It is well settled that when an accused pleads guilty before a jury he admits existence of all facts necessary to establish guilt, and "waives his constitutional right against an unreasonable search . . . ." Durham v. State, Tex.Cr.App., 466 S.W.2d 758; Cross v. State, Tex.Cr.App., 474 S.W.2d 216; Soto v. State, Tex.Cr.App., 456 S.W. 2d 389; Darden v. State, Tex.Cr.App., 430 S.W.2d 494; Maldonado v. State, Tex.Cr. App., 467 S.W.2d 468; and especially Graham v. State, Tex.Cr.App., 466 S.W.2d 587.

There is, therefore, nothing presented for appellate review.

The judgment is affirmed.