**Floyd James LEONARD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44916.**

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied June 28, 1972.

---

Jan E. Hemphill, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Voller's, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault; the punishment, fifty (50) years.

Appellant was indicted for robbery ". . . by using and exhibiting a firearm . . . ."

■ On the date of the trial the State filed a written motion to dismiss the firearms portion of the indictment. There is no notation on the motion or the docket sheet to indicate whether it was granted. However, the record reflects that the court charged the jury, without objection, on "robbery by assault" and in his judgment recited:

"[t]he defendant having been indicted in the above entitled and numbered cause for the felony offense of robbery with firearms, as charged in the indictment; and upon written motion of the District Attorney, the following wording of the indictment, 'and then and there by using and exhibiting a firearm, to-wit: a gun' is hereby dismissed . . . ."

We conclude that the firearms portion of the indictment was effectively waived. Cross v. State, Tex.Cr.App., 474 S.W.2d 216.

■ Appellant contends that the court erred in granting the State's motion to dismiss the firearms portion of the indictment. He claims that "[A]mendments which change the nature or grade of the offense go to the substance of the indictment, may not be amended, since such amendment would infringe on a defendant's right to be indicted only by a grand jury." It is well settled that an indictment for robbery by assault with a firearm will support a conviction for robbery by assault. Cross v. State, supra; Cf. Smith v. State, Tex. Cr.App., 455 S.W.2d 748, where the State did not seek the death penalty. See also Tomlin v. State, 155 Tex.Cr.R. 207, 233 S.W.2d 303; Fields v. State, 160 Tex.Cr.R. 498, 272 S.W.2d 120; Busby v. State, 143 Tex.Cr.R. 72, 157 S.W.2d 394; Sweeney v. State, 103 Tex.Cr.R. 393, 281 S.W. 571; Foreman v. State, Tex.Cr.App., 57 S.W. 843.

Appellant's other two grounds of error are not briefed and not in compliance with Art. 40.09, Sec. 9, Vernon's Ann.C. C.P. Therefore, they present nothing for review. Rivello v. State, Tex.Cr.App., 476 S.W.2d 299; Carnes v. State, Tex.Cr.App., 478 S.W.2d 940 (1972).

Finding no reversible error, the judgment is affirmed.