NO. 07-00-0416-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 18, 2001

______________________________

JAMES BYRON WAITS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 222
ND
 DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-98H-116; HON. DAVID WESLEY GULLEY, PRESIDING

_______________________________

Before QUINN, REAVIS and JOHNSON, JJ

James Byron Waits (appellant) appeals his conviction for aggravated sexual assault.  Through two issues, he contends that 1) the evidence was legally insufficient to establish that the offense occurred in Deaf Smith County and 2) the trial court erred in admitting statements uttered by the victim without the State first showing that the victim “knew the importance of telling the truth.”  We overrule each point and affirm the judgment.

Issue One — Venue

Regarding assault cases, venue generally lies in the county wherein the offense occurred.  
Tex
. 
Code Crim. Proc. 
art. 13.18 (Vernon 1977).  Furthermore, the state need only prove venue by a preponderance of the evidence since it is not an element of the offense.  
Tex. Code Crim. Proc.
 art. 13.17 (Vernon 1977);  
see
 
Black v. State
, 645 S.W.2d 789, 792 (Tex.Crim.App.1983)
.
  And, like most facts, it can be established via direct or circumstantial evidence.  
Black v. State, 
645 S.W.2d at 790.  Finally, the evidence of venue is sufficient if it permits the jury to reasonably conclude that the offense occurred in the county alleged.  
Rippee v. State
, 384 S.W.2d 717, 718 (Tex.Crim.App. 1964).

Here, the victim ultimately testified that she was unsure about the locale of the assault.  She initially told the State that it occurred in Hereford, Texas, but later said it happened in Amarillo, Texas.  Nonetheless, the child was sure that it occurred in appellant’s brick house which had a fireplace.  Appellant had such a house in both Amarillo and Hereford, Deaf Smith County.  Furthermore, the child’s mother testified that her daughter told her of the assault after it occurred which was sometime in January or early February of 1998.  Next, medical examination of the child revealed that she had suffered trauma to her hymen, which trauma appeared to be three to four weeks old.  Additionally, the youth underwent said examination on February 13, 1998.  Finally, appellant had moved to Hereford, Deaf Smith County in the summer of 1997 and resided there since then.  

That the offense allegedly occurred three to four weeks before February 13, 1998, that it occurred in appellant’s house, that appellant lived in Hereford since the summer of 1997, and that the appearance of his Hereford, Deaf Smith County abode comported with the description provided by the youth constitutes some evidence (circumstantial though it is) which permitted a rational jury to reasonably conclude that the offense happened in Deaf Smith County.  And, to the extent that the jury could have made such a reasonable deduction, it cannot be said that the evidence regarding venue in Deaf Smith County was legally insufficient.

Issue Two--Proof That the Youth Perceived the need to Testify Truthfully

To preserve error regarding the admission of evidence, one must object and specify the ground upon which he objects.  
Tex. R. Evid
.
 103(a)(1); 
Tex. R. App. Proc
.
 33.1(a).  Furthermore, the ground upon which appeal is predicated must be the ground encompassed within the objection made at trial.  If the grounds differ, the appellant failed to comply with Rule 103 of the Rules of Evidence and Rule 33.1 of the Rules of Appellate Procedure and effectively waived his complaint.  
Broxton v. State, 
909 S.W.2d 912, 918 (Tex. Crim. App. 1995).

Here, appellant objected, at trial, to the admission of Dr. Warnica’s reiteration of the child victim’s statements because the testimony allegedly constituted hearsay.  In his objection, however, appellant said nothing about the ability of the child to recognize the need to testify truthfully.  And, because he did not, he failed to preserve the ground for appellate review.

Accordingly, we affirm the judgment.

Brian Quinn

      Justice

Do not publish.åÉTex.Cr.App. 2002).  In some instances, a particular change is merely an abandonment.  
Eastep
, 941 S.W.2d at 133-34.  If a change to an indictment is an abandonment, the requirements of article 28.10 do not apply and there has been no statutory violation.  
Id
. at 133.

There are three situations in which an alteration to the face of a charging instrument constitutes an abandonment, to-wit: (1) ways or means of committing the offense; (2) trial of a lesser included offense; and (3) surplusage.  
Id
. at 133-34.  In the instant case, appellant was originally charged with delivery of cocaine in an amount of four grams or more but less than 200 grams, a first degree felony.  
See 
Tex. Health & Safety Code Ann.  § 481.112(d).  After the indictment was altered, appellant was charged with delivery of cocaine of one gram or more but less than four grams, a second degree felony.  
See
 § 481.112(c).  An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.  Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981).  The only alteration to the indictment being the weight of the cocaine, the effect of the change was to charge appellant with a lesser included offense.  Thus, the change constituted an abandonment and not an amendment subject to the requirements of article 28.10.  
See
 Leonard v. State, 481 S.W.2d 117, 118 (Tex.Cr.App. 1972). 
 The trial court did not err in allowing the State to abandon the greater offense and altering the indictment to reflect that appellant was charged with a lesser offense.

Appellant further argues that the trial court’s action in permitting the indictment to be altered after the jury was seated and sworn violated the Double Jeopardy Clause of the Fifth Amendment and Article 1, Section 14 of the Texas Constitution.  The only limitation on the State’s right to abandon a portion of an indictment is that it is then barred from later prosecuting the defendant for the abandoned allegation.  Ex parte Preston, 833 S.W.2d 515, 517 (Tex.Cr.App 1992) (en banc); Jackson v. State, 50 S.W.3d 579, 596 (Tex.App.–Fort Worth 2001, pet. ref’d).  When the issue of double jeopardy is raised, our inquiry begins with the question of whether the defendant was ever first placed in jeopardy.  Crist v. Bretz, 437 U.S. 28, 33-34, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978).  Double jeopardy prohibits a subsequent trial on a lesser offense after the defendant has been previously tried and acquitted for the greater offense.  Privett v. State, 635 S.W.2d 746, 752 (Tex.App.–Houston [1st Dist.] 1982, pet. ref’d) (on reh’g).  Nothing in the record before us indicates appellant was tried for the greater offense of delivery of cocaine in the amount of four grams or more but less than 200 grams.  Thus, the prohibition against double jeopardy has not been implicated.  Points of error one, two, and three are overruled. 

By his fourth point of error, appellant contends the evidence is legally and factually insufficient to support his conviction.  He further urges that the evidence should be measured by the original indictment charging him with delivery of four grams or more but less than 200 grams of cocaine because the trial court erroneously permitted the indictment to be altered.  Having previously concluded that the trial court did not err in permitting the State to abandon the greater offense and charge appellant with a lesser offense, we review the sufficiency of the evidence against the allegation of delivery of cocaine in the amount of one gram or more but less than four.  Based on our review of the following evidence under the appropriate standards of review we disagree with appellant that the evidence is insufficient to support his conviction. 

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004); Tex. Pen. Code Ann. § 2.01 (Vernon 2003).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), 
overruled on other grounds
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under 
Jackson
, we may proceed with a factual sufficiency review.  
Clewis
, 922 S.W.2d at 133.  The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Accordingly, we will reverse the fact finder’s determination only if a manifest injustice has occurred.  
Johnson
, 23 S.W.3d at 12.  In conducting this analysis, we may disagree with the jury’s determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  
See
 Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Before determining whether the evidence is legally sufficient to sustain the conviction, we first review the essential elements the State was required to prove.  A person commits 
delivery of a controlled substance, 
i.e
., cocaine, if he (1) intentionally or knowingly (2) delivers (3) a controlled substance.  
See
 Tex. Health & Safety Code Ann. §§ 481.102(3)(D) & 481.112(c) (Vernon 2003).  Deliver means to transfer, knowingly or intentionally, to another a controlled substance. 
See
 § 481.002(8).

The State established that Agent Bostick had planned to buy cocaine from appellant at a pre-arranged location.  The undisputed evidence showed that when Bostick telephoned appellant about the buy, appellant told him he was in the process of preparing the cocaine for use and that he should come to his residence instead.  In exchange for $200, appellant delivered to Bostick a clear bag containing cocaine.  A forensic chemist confirmed after performing three reliable tests that the substance Bostick purchased was 3.9 grams of cocaine and lidocaine.  We find the evidence is legally sufficient to support appellant’s conviction.  
See
 Silva v. State, 989 S.W.2d 64, 69 (Tex.App.–San Antonio 1998, pet. ref’d).

We must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict.  
Johnson
, 23 S.W.3d at 11.  It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony.  Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

In addition to Bostick’s testimony, Agent Patrick Starks, who was on the surveillance  team on the day of the buy, testified that although he did not witness the exchange between Bostick and appellant, he had driven by appellant’s residence and noticed him standing outside.  Starks also testified that he was the evidence custodian on that day and had processed and sealed the substance purchased by Bostick.  After reviewing all the record evidence under
 Johnson
, 23 S.W.3d at 11, and without substituting our own judgment, we conclude the evidence is factually sufficient to support the verdict.
  Point of error four is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.