NO. 07-03-0441-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 19, 2004



______________________________




CHARLES R. SYKES, APPELLANT



V.



THE STATE OF TEXAS
, APPELLEE




_________________________________



FROM THE 258TH DISTRICT COURT OF SAN JACINTO COUNTY;



NO. 8674; HONORABLE JAMES H. KEESHAN, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Following his plea of not guilty, appellant Charles R. Sykes was convicted by a jury
of delivery of a controlled substance, enhanced, and punishment was assessed at four
years confinement. Presenting four points of error, appellant asserts (1) the trial court
erred in granting the State leave to amend its indictment over his objection after the jury
was seated and sworn; (2) the trial court committed clear error of constitutional magnitude
and acquittal is mandatory under the Double Jeopardy Clause of the Fifth Amendment; (3)
the trial court's error in granting leave to amend the indictment after jeopardy attached was
not harmless and affected appellant's substantial rights; and (4) the constitutionally
impermissible amendment requires the sufficiency of the evidence to be measured by the
original indictment. We affirm.

 After it had come to the attention of agents of the Drug Enforcement Administration
that appellant was engaged in drug trafficking, Special Agent Michael T. Bostick arranged
an undercover buy of cocaine. Originally, Bostick and appellant had agreed to meet at a
shopping center, but when Bostick telephoned him from the pre-arranged location,
appellant told him to come to his residence because he was still processing the cocaine. 
Bostick was familiar with appellant's residence from previous transactions and proceeded
to his address. 

 Bostick testified that when he arrived, appellant was waiting for him in the front yard. 
Bostick exited his vehicle and he and appellant engaged in small talk. During their
conversation appellant gave him a clear plastic bag containing crack cocaine in exchange
for $200. Based on his experience, Bostick knew the cocaine had been recently prepared
because it was still wet and damp. Following the buy and the brief conversation, Bostick
left. 

 Appellant was indicted for knowingly delivering "by actual transfer, to Michael
Bostick, a controlled substance, namely cocaine, in an amount of four grams or more but
less than 200 grams." Approximately 13 days prior to trial, however, after realizing the
weight of the cocaine was less than four grams, the State filed a motion to amend the
indictment to allege a second degree instead of a first degree felony. Written objections
were filed to the motion. Following a pretrial hearing on the matter on the date of trial, the
trial court overruled appellant's objections and approved altering the indictment to reflect
an allegation of delivery of cocaine in an amount of "one gram or more but less than four."

 After the jury was seated and sworn, the issue of amending the indictment was
presented again outside the jury's presence and appellant's objections were again
overruled. After the jury was brought in, the State read the indictment alleging that
appellant delivered cocaine to Michael Bostick in an "amount of one gram or more but less
than four."

 By his first three points of error appellant asserts harmful error by the trial court in
granting leave to the State over his objections to amend the indictment after the jury was
seated and sworn. He asserts the trial court's action violated his constitutional right to not
twice be put in jeopardy for the same offense. We disagree.

 Article 28.10 of the Texas Code of Criminal Procedure provides the manner in which
an indictment may be amended. Not every change, however, to the face of an indictment
is an amendment. Mayfield v. State, 117 S.W.3d 475, 476 (Tex.App.-Texarkana 2003, pet.
ref'd), citing Eastep v. State, 941 S.W.2d 130, 132 (Tex.Cr.App. 1997), overruled on other
grounds, Riney v. State, 28 S.W.3d 561, 566 (Tex.Cr.App. 2002). In some instances, a
particular change is merely an abandonment. Eastep, 941 S.W.2d at 133-34. If a change
to an indictment is an abandonment, the requirements of article 28.10 do not apply and
there has been no statutory violation. Id. at 133.

 There are three situations in which an alteration to the face of a charging instrument
constitutes an abandonment, to-wit: (1) ways or means of committing the offense; (2) trial
of a lesser included offense; and (3) surplusage. Id. at 133-34. In the instant case,
appellant was originally charged with delivery of cocaine in an amount of four grams or
more but less than 200 grams, a first degree felony. See Tex. Health & Safety Code Ann. 
§ 481.112(d). After the indictment was altered, appellant was charged with delivery of
cocaine of one gram or more but less than four grams, a second degree felony. See §
481.112(c). An offense is a lesser included offense if it is established by proof of the same
or less than all the facts required to establish the commission of the offense charged. Tex.
Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981). The only alteration to the indictment
being the weight of the cocaine, the effect of the change was to charge appellant with a
lesser included offense. Thus, the change constituted an abandonment and not an
amendment subject to the requirements of article 28.10. See Leonard v. State, 481 S.W.2d
117, 118 (Tex.Cr.App. 1972). The trial court did not err in allowing the State to abandon
the greater offense and altering the indictment to reflect that appellant was charged with
a lesser offense.

 Appellant further argues that the trial court's action in permitting the indictment to be
altered after the jury was seated and sworn violated the Double Jeopardy Clause of the
Fifth Amendment and Article 1, Section 14 of the Texas Constitution. The only limitation
on the State's right to abandon a portion of an indictment is that it is then barred from later
prosecuting the defendant for the abandoned allegation. Ex parte Preston, 833 S.W.2d
515, 517 (Tex.Cr.App 1992) (en banc); Jackson v. State, 50 S.W.3d 579, 596
(Tex.App.-Fort Worth 2001, pet. ref'd). When the issue of double jeopardy is raised, our
inquiry begins with the question of whether the defendant was ever first placed in jeopardy. 
Crist v. Bretz, 437 U.S. 28, 33-34, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). Double jeopardy
prohibits a subsequent trial on a lesser offense after the defendant has been previously
tried and acquitted for the greater offense. Privett v. State, 635 S.W.2d 746, 752
(Tex.App.-Houston [1st Dist.] 1982, pet. ref'd) (on reh'g). Nothing in the record before us
indicates appellant was tried for the greater offense of delivery of cocaine in the amount of
four grams or more but less than 200 grams. Thus, the prohibition against double jeopardy
has not been implicated. Points of error one, two, and three are overruled. 

 By his fourth point of error, appellant contends the evidence is legally and factually
insufficient to support his conviction. He further urges that the evidence should be
measured by the original indictment charging him with delivery of four grams or more but
less than 200 grams of cocaine because the trial court erroneously permitted the indictment
to be altered. Having previously concluded that the trial court did not err in permitting the
State to abandon the greater offense and charge appellant with a lesser offense, we review
the sufficiency of the evidence against the allegation of delivery of cocaine in the amount
of one gram or more but less than four. Based on our review of the following evidence
under the appropriate standards of review we disagree with appellant that the evidence is
insufficient to support his conviction. 

 When both the legal and factual sufficiency of the evidence are challenged, we must
first determine whether the evidence is legally sufficient to support the verdict. Clewis v.
State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law
that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that
the defendant committed each element of the alleged offense. U.S. Const. amend. XIV;
Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004); Tex. Pen. Code Ann. § 2.01
(Vernon 2003). In conducting a legal sufficiency review, we must determine whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v.
State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), overruled on other grounds, Paulson v.
State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as
a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by
more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867
(Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the jury's determination, even if probative
evidence supports the verdict, but must avoid substituting our judgment for that of the fact
finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we first review the essential elements the State was required to prove. A
person commits delivery of a controlled substance, i.e., cocaine, if he (1) intentionally or
knowingly (2) delivers (3) a controlled substance. See Tex. Health & Safety Code Ann. §§
481.102(3)(D) & 481.112(c) (Vernon 2003). Deliver means to transfer, knowingly or
intentionally, to another a controlled substance. See § 481.002(8).

 The State established that Agent Bostick had planned to buy cocaine from appellant
at a pre-arranged location. The undisputed evidence showed that when Bostick telephoned
appellant about the buy, appellant told him he was in the process of preparing the cocaine
for use and that he should come to his residence instead. In exchange for $200, appellant
delivered to Bostick a clear bag containing cocaine. A forensic chemist confirmed after
performing three reliable tests that the substance Bostick purchased was 3.9 grams of
cocaine and lidocaine. We find the evidence is legally sufficient to support appellant's
conviction. See Silva v. State, 989 S.W.2d 64, 69 (Tex.App.-San Antonio 1998, pet. ref'd).

 We must now determine, after a neutral review of all the evidence, whether it is
factually sufficient to support the verdict. Johnson, 23 S.W.3d at 11. It is the exclusive
province of the fact finder to determine the credibility of the witnesses and the weight to be
given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978);
Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

 In addition to Bostick's testimony, Agent Patrick Starks, who was on the surveillance 
team on the day of the buy, testified that although he did not witness the exchange
between Bostick and appellant, he had driven by appellant's residence and noticed him
standing outside. Starks also testified that he was the evidence custodian on that day and
had processed and sealed the substance purchased by Bostick. After reviewing all the
record evidence under Johnson, 23 S.W.3d at 11, and without substituting our own
judgment, we conclude the evidence is factually sufficient to support the verdict. Point of
error four is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.



e"
 UnhideWhenUsed="false" Name="Colorful Shading Accent 4"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-00367-CR; 07-09-00368-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



NOVEMBER
4, 2010

 



 

EX PARTE ALBERT V. JESSEP



 



 

 FROM THE 47TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 51,224-A, 51-225-A; HONORABLE HAL MINER, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

            Appellant
Albert V. Jessep appeals from the trial court's
order denying the relief requested in his subsequent application for writ of habeas corpus, filed under
article 11.072 of the Code of Criminal Procedure.  We affirm.

Background

Jessep=s computer was seized by peace officers while it was being repaired at
an Amarillo computer shop.  The computer=s hard drive contained pornographic images involving children.  By two July 2005 indictments, he was charged
with two possession of child pornography offenses.[1]   In April 2006, Jessep,
represented by retained counsel, plead guilty to each offense.  The trial court deferred adjudication of his
guilt and placed him on community supervision for a period of five years.

Jessep filed notice of appeal in both cases. 
We dismissed his appeals because the trial court=s
certifications under Rule of Appellate Procedure 25.2 stated he had no right of
appeal and the record supported the certifications.  Jessup v. State, No.
07-06-0242-CR, 07-06-0243-CR, 2006 WL 2660776 (Tex.App.BAmarillo Sept. 15, 2006, pet. ref=d) (mem. op., not designated for publication).[2]  Jessep then filed pro se applications for writs of habeas
corpus alleging deficiencies in the indictments
and alleging ineffective assistance of counsel. 
The trial court denied his applications, and we affirmed the trial
courts denial order.  Ex Parte Jessep,
281 S.W.3d 675 (Tex.App.Amarillo 2009, pet. refd).

In October 2009, Jessep filed a subsequent writ of habeas corpus alleging
four grounds. The trial court considered and denied Jesseps
writ.  This appeal followed.

Standard of Review  

            Article 11.072
of the Code of Criminal
Procedure provides an opportunity for
habeas
corpus relief for defendants seeking relief from an order or a
judgment of conviction ordering community supervision.  Tex.
Code Crim. Proc. Ann. art. 11.072, § 1 (Vernon 2005); Ex parte Cummins, 169 S.W.3d
752, 756 (Tex. App.--Fort Worth 2005, no pet.). To prevail on a writ of habeas
corpus, the proponent must prove his allegations by a
preponderance of the evidence. See Ex parte Thomas, 906 S.W.2d 22,
24 (Tex. Crim. App. 1995), cert. denied,
518 U.S. 1021,
116 S. Ct. 2556, 135 L. Ed. 2d 1074 (1996). If the trial court denies the application in whole or in part, the
applicant may appeal under article 44.02 and rule 31 of the
Texas Rules of Appellate Procedure.  Tex.
Code Crim. Proc. Ann. art. 11.072, § 8; Ex parte
Villanueva, 252 S.W.3d 391, 396-97 (Tex.Crim.App.2008).
In reviewing the trial court's decision to grant or deny habeas corpus
relief, we view the facts in the light most favorable to the trial court's
ruling and, absent an abuse of discretion, uphold the ruling. See Ex parte
Peterson, 117 S.W.3d 804, 819 (Tex.Crim.App.
2003), overruled on other
grounds by Ex parte Lewis, 219 S.W.3d 335
(Tex.Crim.App. 2007); Ex parte Twine, 111 S.W.3d
664, 665 (Tex. App.--Fort Worth 2003, pet. ref'd).

            When,
like here, an applicant files a subsequent application for a writ of habeas
corpus after final disposition of an initial application under article 11.072,
the court may not consider the merits of or grant relief on the subsequent application unless it contains specific
facts establishing that the current claims and issues have not been and could
not have been presented in the initial application, because the factual or
legal basis for the claim was unavailable on the date the applicant filed the
previous application. Tex.
Code Crim. Proc. Ann. art. 11.072, § 9(a) (Vernon 2005).  A claims legal basis
is unavailable if it was not recognized by and could not have been reasonably
formulated from a final decision of a federal or Texas appellate court at the
time the previous application was filed.  Id. § 9(b).
 The factual basis of a claim is
unavailable if it was not then ascertainable through the exercise of reasonable
diligence. Id. § 9(c).

Application

Jesseps initial application for writ of habeas corpus challenged
the sufficiency of the evidence supporting his prosecution and a claim of
ineffective assistance of his retained counsel, both grounds being based on
perceived defects in his indictments.  281 S.W.3d at 678. 
Addressing his contentions, we noted the general precept that challenges
to the legal sufficiency of evidence supporting an underlying conviction are not cognizable in habeas corpus proceedings.  Id. at 679, citing, inter
alia, Ex parte Santana, 227
S.W.3d 700, 705 (Tex.Crim.App. 2007).  We noted also that the rule has exceptions,
including those in which an actual innocence claim is presented.  Id. at 680, citing, inter
alia, Ex parte Sparks, 206 S.W.3d
680, 683 (Tex.Crim.App. 2006).  We then held that Jessep
had not presented an actual innocence claim, and thus applied the general rule,
finding his claims of the legal insufficiency of the evidence not cognizable in
his habeas corpus proceeding.[3]  Id.

By his subsequent application, through his grounds two
and four, Jessep attempts now to assert an actual
innocence claim.  Cognizant he must
demonstrate that the basis of such a claim was unavailable to him when he filed
his initial application, Jessep contends, via ground
three, that the reporters record from his original plea hearing was not
included in the record of his initial application, despite his requests that it
be included, thus preventing presentation of his claim.  For purposes of addressing Jesseps contention, we will assume, without so holding,
that a deficiency in the record can make the factual basis of a claim
unavailable for purposes of § 9(c) of art. 11.072.  We thus consider the merits of Jesseps contentions. 


The reporters record from the April 17, 2006 plea
hearing is appended to Jesseps subsequent habeas
corpus application.  It forms the basis
for his contention he has demonstrated a complete absence of evidence to
support his guilty plea.  Beginning his analysis with article 1.15 and its requirement that
the State produce evidence to support a plea of guilty, Tex. Code Crim. Proc.
Ann. art. 1.15 (Vernon 2005), Jessep contends
the trial court heard no evidence to support his plea.  Jessep limits his
analysis to the information the court heard from an informal stipulation.  Toward the end of the plea colloquy, the
trial court asked the prosecutor to briefly state the facts.  The prosecutor recited that some images
were found on Jesseps computer at a repair
shop.  Police were called, and took the
computer.  The images included those of
children under the age of fourteen. 
After hearing Jessep affirm he had heard the
prosecutors brief recitation, the court asked, Is that what happened? Jessep answered the court affirmatively.    

Jesseps contentions in his subsequent application, and here on
appeal, ignore the instruments he signed at the plea hearing, which includes
his court-accepted 
written judicial confession.[4]  Even assuming the
trial court was authorized under § 9(c) of article 11.072 to grant relief under
Jesseps attempted actual innocence claim, we find
the court did not abuse its discretion by denying relief.  The evidence the court had before it at the
plea hearing met the requirements of the deferred adjudication statute to
substantiate the defendants guilt.  Tex. Code Crim. Proc. Ann. art. 42.12 § 5 (Vernon 2008); see Donovan, 68 S.W.3d at 636
(describing effects of deferral of adjudication); Labib v. State, 239 S.W.3d 322, 329-30 (Tex.App.Houston
[1st Dist.] 2007, no pet.) (same).  The habeas record before the court in no way
established Jesseps actual innocence.

By his fourth claim, Jessep
also advances the contentions he was ineffective acting as his own counsel in
his initial habeas corpus proceeding, and the trial court should have informed
him of his right to counsel in that proceeding.  The contentions are misguided.  Outside of death penalty cases, in Texas
there is no constitutional or statutory right to counsel in habeas corpus
proceedings.  See, e.g., Coleman v. Thompson, 501 U.S. 722, 754, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Martinez v. Johnson, 255 F.3d 229, 240-41 (5th Cir.
2001), cert. denied 534 U.S. 1163,
122 S.Ct. 1175, 152 L.Ed.2d 118 (2002); Ex parte Graves, 70 S.W.3d 103, 113 (Tex.Crim.App. 2002); Cf.
Tex. Code Crim. Proc. Ann. art. 11.071 § 2 (Vernon 2007)
(counsel for habeas corpus applicant seeking relief from judgment imposing
death penalty).  It follows there
is no right to constitutionally effective counsel.  Graves,
70 S.W.3d at 111. 


As we read it, the first ground asserted in Jesseps subsequent application is a complaint about the
time of the trial courts handling of his initial application.  The complaint is moot.  This courts mandate affirming the trial courts
denial of the initial application was issued on February 12, 2007.  

We find the trial court did not abuse its discretion by
denying Jesseps subsequent application for writ of habeas corpus.   We
overrule each of Jesseps issues and affirm the trial
courts order denying habeas relief.

We have carried with the appeal two motions filed by Jessep, one regarding his request for grand
jury materials, the other requesting abatement of the appeal and remand to the
trial court.  Both are overruled. 

 

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not publish.         











[1] See Tex. Penal Code Ann. ' 43.26 (Vernon 2003).  This is a third degree felony punishable by
imprisonment for any term of not more than ten years or less than two years and
a fine not to exceed $10,000.  Tex. Penal Code Ann. ' 12.34
(Vernon 2003). 





[2] Appellant=s last name was spelled AJessup@ in the orders from which he appealed.





[3]
We
remain aware that the adjudication of Jesseps guilt
was deferred.  By addressing his
contentions regarding the sufficiency of the evidence, we do not intend any
general comment on evidentiary sufficiency challenges in deferred adjudication
cases.  Jessep
has not been convicted of the offense to which he plead
guilty.  See Donovan v. State, 68 S.W.3d 633, 636
(Tex.Crim.App. 2002) (contrasting deferred
adjudication and regular community supervision).  





[4]
We take
judicial notice of the contents of the clerks record in our file on
appellants direct appeals, No. 07-06-0242-CR and No. 07-06-0243-CR. See Tex. R. Evid.
201 (judicial notice).  In addition to showing the courts acceptance of
his written judicial confession, the plea papers include the trial courts approval of his waiver of
rights and his consent to stipulations of evidence.  Jesseps written
judicial confession includes his statements that he had read the indictment
filed in the case and that he committed each and every allegation it
contains.  See Menefee v.
State, 287 S.W.3d 9 (Tex.Crim.App. 2009) (addressing
satisfaction of article 1.15s requirements).