NO. 07-03-0441-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 19, 2004

_____

CHARLES R. SYKES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 258TH DISTRICT COURT OF SAN JACINTO COUNTY;

NO. 8674; HONORABLE JAMES H. KEESHAN, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Charles R. Sykes was convicted by a jury of delivery of a controlled substance, enhanced, and punishment was assessed at four years confinement. Presenting four points of error, appellant asserts (1) the trial court erred in granting the State leave to amend its indictment over his objection after the jury

was seated and sworn; (2) the trial court committed clear error of constitutional magnitude and acquittal is mandatory under the Double Jeopardy Clause of the Fifth Amendment; (3) the trial court's error in granting leave to amend the indictment after jeopardy attached was not harmless and affected appellant's substantial rights; and (4) the constitutionally impermissible amendment requires the sufficiency of the evidence to be measured by the original indictment. We affirm.

After it had come to the attention of agents of the Drug Enforcement Administration that appellant was engaged in drug trafficking, Special Agent Michael T. Bostick arranged an undercover buy of cocaine. Originally, Bostick and appellant had agreed to meet at a shopping center, but when Bostick telephoned him from the pre-arranged location, appellant told him to come to his residence because he was still processing the cocaine. Bostick was familiar with appellant's residence from previous transactions and proceeded to his address.

Bostick testified that when he arrived, appellant was waiting for him in the front yard. Bostick exited his vehicle and he and appellant engaged in small talk. During their conversation appellant gave him a clear plastic bag containing crack cocaine in exchange for $200. Based on his experience, Bostick knew the cocaine had been recently prepared because it was still wet and damp. Following the buy and the brief conversation, Bostick left.

Appellant was indicted for knowingly delivering "by actual transfer, to Michael Bostick, a controlled substance, namely cocaine, in an amount of four grams or more but less than 200 grams." Approximately 13 days prior to trial, however, after realizing the weight of the cocaine was less than four grams, the State filed a motion to amend the indictment to allege a second degree instead of a first degree felony. Written objections were filed to the motion. Following a pretrial hearing on the matter on the date of trial, the trial court overruled appellant's objections and approved altering the indictment to reflect an allegation of delivery of cocaine in an amount of "one gram or more but less than four."

After the jury was seated and sworn, the issue of amending the indictment was presented again outside the jury's presence and appellant's objections were again overruled. After the jury was brought in, the State read the indictment alleging that appellant delivered cocaine to Michael Bostick in an "amount of one gram or more but less than four."

By his first three points of error appellant asserts harmful error by the trial court in granting leave to the State over his objections to amend the indictment after the jury was seated and sworn. He asserts the trial court's action violated his constitutional right to not twice be put in jeopardy for the same offense. We disagree.

Article 28.10 of the Texas Code of Criminal Procedure provides the manner in which an indictment may be amended. Not every change, however, to the face of an indictment is an amendment. Mayfield v. State, 117 S.W.3d 475, 476 (Tex.App.–Texarkana 2003, pet.

3

ref'd), citing *Eastep v. State*, 941 S.W.2d 130, 132 (Tex.Cr.App. 1997), *overruled on other grounds*, *Riney v. State*, 28 S.W.3d 561, 566 (Tex.Cr.App. 2002). In some instances, a particular change is merely an abandonment. *Eastep*, 941 S.W.2d at 133-34. If a change to an indictment is an abandonment, the requirements of article 28.10 do not apply and there has been no statutory violation. *Id*. at 133.

There are three situations in which an alteration to the face of a charging instrument constitutes an abandonment, to-wit: (1) ways or means of committing the offense; (2) trial of a lesser included offense; and (3) surplusage. *Id*. at 133-34. In the instant case, appellant was originally charged with delivery of cocaine in an amount of four grams or more but less than 200 grams, a first degree felony. *See* Tex. Health & Safety Code Ann. § 481.112(d). After the indictment was altered, appellant was charged with delivery of cocaine of one gram or more but less than four grams, a second degree felony. *See* § 481.112(c). An offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981). The only alteration to the indictment being the weight of the cocaine, the effect of the change was to charge appellant with a lesser included offense. Thus, the change constituted an abandonment and not an amendment subject to the requirements of article 28.10. *See* Leonard v. State, 481 S.W.2d 117, 118 (Tex.Cr.App. 1972). The trial court did not err in allowing the State to abandon the greater offense and altering the indictment to reflect that appellant was charged with a lesser offense.

Appellant further argues that the trial court's action in permitting the indictment to be altered after the jury was seated and sworn violated the Double Jeopardy Clause of the Fifth Amendment and Article 1, Section 14 of the Texas Constitution. The only limitation on the State's right to abandon a portion of an indictment is that it is then barred from later prosecuting the defendant for the abandoned allegation. Ex parte Preston, 833 S.W.2d 515, 517 (Tex.Cr.App 1992) (en banc); Jackson v. State, 50 S.W.3d 579, 596 (Tex.App.–Fort Worth 2001, pet. ref'd). When the issue of double jeopardy is raised, our inquiry begins with the question of whether the defendant was ever first placed in jeopardy. Crist v. Bretz, 437 U.S. 28, 33-34, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). Double jeopardy prohibits a subsequent trial on a lesser offense after the defendant has been previously tried and acquitted for the greater offense. Privett v. State, 635 S.W.2d 746, 752 (Tex.App.–Houston [1st Dist.] 1982, pet. ref'd) (on reh'g). Nothing in the record before us indicates appellant was tried for the greater offense of delivery of cocaine in the amount of four grams or more but less than 200 grams. Thus, the prohibition against double jeopardy has not been implicated. Points of error one, two, and three are overruled.

By his fourth point of error, appellant contends the evidence is legally and factually insufficient to support his conviction. He further urges that the evidence should be measured by the original indictment charging him with delivery of four grams or more but less than 200 grams of cocaine because the trial court erroneously permitted the indictment to be altered. Having previously concluded that the trial court did not err in permitting the State to abandon the greater offense and charge appellant with a lesser offense, we review

5

the sufficiency of the evidence against the allegation of delivery of cocaine in the amount of one gram or more but less than four. Based on our review of the following evidence under the appropriate standards of review we disagree with appellant that the evidence is insufficient to support his conviction.

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2004); Tex. Pen. Code Ann. § 2.01 (Vernon 2003). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the jury's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

Before determining whether the evidence is legally sufficient to sustain the conviction, we first review the essential elements the State was required to prove. A person commits delivery of a controlled substance, *i.e.*, cocaine, if he (1) intentionally or knowingly (2) delivers (3) a controlled substance. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D) & 481.112(c) (Vernon 2003). Deliver means to transfer, knowingly or intentionally, to another a controlled substance. *See* § 481.002(8).

The State established that Agent Bostick had planned to buy cocaine from appellant at a pre-arranged location. The undisputed evidence showed that when Bostick telephoned

7

appellant about the buy, appellant told him he was in the process of preparing the cocaine for use and that he should come to his residence instead. In exchange for $200, appellant delivered to Bostick a clear bag containing cocaine. A forensic chemist confirmed after performing three reliable tests that the substance Bostick purchased was 3.9 grams of cocaine and lidocaine. We find the evidence is legally sufficient to support appellant's conviction. *See* Silva v. State, 989 S.W.2d 64, 69 (Tex.App.–San Antonio 1998, pet. ref'd).

We must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.--Amarillo 1997, pet. ref'd).

In addition to Bostick's testimony, Agent Patrick Starks, who was on the surveillance team on the day of the buy, testified that although he did not witness the exchange between Bostick and appellant, he had driven by appellant's residence and noticed him standing outside. Starks also testified that he was the evidence custodian on that day and had processed and sealed the substance purchased by Bostick. After reviewing all the record evidence under *Johnson*, 23 S.W.3d at 11, and without substituting our own judgment, we conclude the evidence is factually sufficient to support the verdict. Point of error four is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.