**Samuel Kay SHANNON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–559–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 14, 1984.

John P. Keirnan, Houston, for appellant.
Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted of aggravated robbery under TEX.PENAL CODE ANN. § 29.02(a)(1) (Vernon 1974), and was sentenced to life imprisonment as an habitual criminal. The trial judge granted the State's motion to "stack" this sentence on his other life sentences. We affirm the conviction.

The facts will be discussed only insofar as they relate to specific grounds of error.

■ In ground of error one, Appellant asserts that his "right to a speedy trial" was violated. Appellant first argues that U.S. CONST. amend. VI guarantees the right to a speedy trial and that Texas has codified this right in TEX.CODE CRIM. PRO.ANN. art. 32A.02 (Vernon Supp.1984). This is an incorrect statement. The constitutional right to a speedy trial is in addition to and preceded the statutory right. *See Ostoja v. State*, 631 S.W.2d 165, 167 (Tex. Crim.App.1982); *Fraire v. State*, 588 S.W.2d 789, 791 (Tex.Crim.App.1979) (en banc); *Barfield v. State*, 586 S.W.2d 538, 539–40 (Tex.Crim.App.1979). Nevertheless, we have reviewed Appellant's claim that his statutory right to a speedy trial was violated and conclude that it was not.

Appellant raised the same argument in his appeal of another conviction which we affirmed. *See Shannon v. State*, 681 S.W.2d 139 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). The State prepared an announcement of ready which was file stamped August 16, 1982, Appellant was arrested on September 14, 1982, and was indicted on October 8, 1982. He agreed to two resets, although he wrote "No waiver of Speedy Trial" on each reset form. He proceeded to trial in his other case on February 21, 1983. On April 18, 1983, an off-docket reset was agreed to, and the trial was scheduled to begin on June 13, 1983. On June 13, 1983, the case was reset to July 5, 1983, because the State's key witness was on vacation and unavailable for trial. Trial began on July 5, 1983.

■ The prosecutor testified that the State had been ready to proceed to trial since the date its announcement of ready was filed, and since the date Appellant was indicted, October 8, 1982, with the exception of the time its witness was on vacation. The State further testified that it had contacted and subpoenaed all witnesses before the expiration of 120 days and that it had Appellant's pen packet in its possession before Appellant was indicted. The court coordinator testified that she was aware of Appellant's right to a speedy trial and had given the parties the earliest available trial date. Appellant failed to rebut the announcement of ready; therefore, we find no error.

■ Appellant next argues that his constitutional right to a speedy trial, as provided for in the U.S. CONST. amend. VI and TEX. CONST. art. 1, § 10, was violated. The State correctly points out that this claim was presented for the first time on appeal. Thus, error, if any, was waived. *Fraire*, 588 S.W.2d at 791. Ground of error one is overruled.

In ground of error two, Appellant argues that the trial court erred when it failed to quash the indictment because it was duplicitous and violated TEX.CODE CRIM. PROC.ANN. art. 21.24 (Vernon Supp.1984). We find no error.

■ A three count indictment, charging Appellant with one count of murder and two counts of aggravated robbery, was returned by the Grand Jury. We first observe that the indictment was not duplicitous or defective because each count arose out of the same criminal transaction. *See Meeks v. State*, 653 S.W.2d 6, 11–12 (Tex. Crim.App.1983). Thus, art. 21.24 was not violated. Further, even if the indictment had been defective, Appellant's ground of error is moot because the State abandoned two counts and proceeded to trial on one count of aggravated robbery. *See id.* at 10. Ground of error two is overruled.

Appellant contends, in ground of error three, that the trial court erred in overruling his Motion to Suppress evidence. He specifically argues that his arrest was illegal because it was made on the basis of two outstanding traffic warrants and that the inventory search of his car exceeded "the recognized purpose" of an inventory search because the police had "impure motives" and they searched inside a briefcase.

We concluded Appellant was legally arrested in his other appeal, *see Shannon*, 681 S.W.2d at 141, and rely on our reasoning in that opinion to reach the same holding here. However, testimony given at this trial by one of the arresting officers allows us to augment that holding.

That officer testified that Appellant was a suspect in several recent burglaries. He checked for outstanding warrants for Appellant and found two outstanding traffic warrants. He then set up surveilance on Appellant's house for several days in an attempt to catch Appellant in his automobile. A stolen credit card had recently been used to purchase gasoline for that automobile, and the officer suspected the vehicle might contain contraband from other robberies. He therefore chose to wait several days before he executed the outstanding warrants. We find no fault with this strategy.

■ We hold that an outstanding warrant for the arrest of an individual may be executed by law enforcement officers at whatever time and place they choose. It does not have to be executed within any defined period of time after discovery or issuance. Law enforcement officers, using their best judgment, and keeping in mind the best interests of society in general and not the interests of the suspect in particular, may delay the execution of the warrant until such time as they feel its execution may result in the discovery of contraband or evidence of any other crime. This in no way deprives the individual of any rights of privacy, so long as the search is *incident* to the arrest or, as in this case, based upon some other lawful purpose. An individual has no right to expect that he will be arrested at a time and place that is convenient for him. Since Appellant was arrested pursuant to two valid outstanding traffic warrants, we hold that no illegal arrest occurred and that the evidence was lawfully seized from the vehicle.

■ The Texas Court of Criminal Appeals does not require police officers to have strictly pure motives in order to validate an inventory search. In fact, that court has held that "[I]t would not be realistic to require that in justifying an inventory search the police must affirm that they had absolutely no hopes or expectations of finding contraband or other inculpatory material." *Vargas v. State*, 542 S.W.2d 151, 154–55 (Tex.Crim.App.1976), *cert. denied*, 429 U.S. 1109, 97 S.Ct. 1144, 51 L.Ed.2d 562 (1977). An inventory search is reasonable because of the facts of the situation, not because of the police officer's motives. This holding is echoed in a case Appellant cites, *United States v. Prescott*, 599 F.2d 103, 106 (5th Cir.1979), which holds that the validity of an otherwise reasonable inventory search is not vitiated by a police officer's suspicion that evidence of contraband may be revealed.

Although Appellant did not argue the point, we must determine whether the search was "otherwise reasonable" in regard to the police officer searching inside a closed, unlocked briefcase found in the passenger compartment of Appellant's car. We conclude that it was.

The court of criminal appeals recently has addressed this issue. In *Gary v. State*, 647 S.W.2d 646, 648 (Tex.Crim.App.1983), the court held that a police officer acted pursuant to a valid inventory search when he opened a "zipped and closed bank bag found on the front seat of the Appellant's car ...." Although the general attitude of the court is apparent, the facts are distinguishable because Gary did not argue that the officer had impure motives as Appellant argues. A few months later, however, that court did consider a claim that an "inventory search was a sham and a pretext for an unconstitutional exploratory search" in *Backer v. State*, 656 S.W.2d 463

(Tex.Crim.App.1983). In that case, the police officers found marijuana inside the unlocked glove compartment. The court rejected the defendant's claim and upheld the inventory search, stating that such a search is based on the "caretaking responsibility a police officer has towards a lawfully impounded automobile." *Id.* at 464. The concurring opinion suggested that a different result might have been reached had the defendant founded his claim on TEX. CONST. art. 1, § 9, instead of U.S. CONST. amend IV. *Id.* at 464–65 (Teague, J., concurring). This suggestion was quickly rejected in *Ward v. State*, 659 S.W.2d 643 (Tex.Crim.App.1983). *Ward* also involved the search of a closed container, an envelope containing a substance believed to be marijuana. *Id.* at 644. Ward argued that the inventory search was invalid under both the United States and Texas Constitutions, and that the officer conducted it for no reason. The court concluded that the inventory search was valid.

█ This trilogy of cases convinces us that the search of the briefcase did not render the inventory search unreasonable under either the Constitution of the United States or Texas. Thus, the evidence was properly seized and admitted. Ground of error three is overruled.

In ground of error four, Appellant argues that his statement should not have been introduced into evidence because it was given involuntarily. He relies on his own testimony that he gave his statement because the police implied that if he did, they would be lenient; i.e., they would not seek capital punishment; or that they impliedly threatened to seek capital punishment if he did not give a statement. At the time the statement was given, the State had not dropped the capital murder count of the indictment. He further relies on a letter he wrote to his mother, after he gave the statement but before he signed it, as evidence of his claim of coercion and to show his state of mind. In that letter, he threatened to commit suicide "before I let these white folk's [sic] kill me allright [sic]." The detective who took Appellant's statement, as well as several other detectives who questioned Appellant or who witnessed him sign the statement testified that he was not threatened or abused, that no promises of leniency were made and that he willingly gave, understood and signed the statement.

It is well established that the trial judge is the exclusive arbiter of the credibility of witnesses at a *Jackson/Denno* hearing and that his finding of voluntariness will not be disturbed on appeal so long as the record supports it. *Green v. State*, 615 S.W.2d 700, 707 (Tex.Crim.App.1980); *Vigneault v. State*, 600 S.W.2d 318, 329 (Tex.Crim.App. 1980). The trial judge found that Appellant

> was not coerced in any way, not promised anything and not threatened in any way ... [that Appellant] and his testimony are considerably less than credible ... [that Appellant] is not new to the criminal justice system ... that he was in no way intimidated or influenced ... [and] that [his] rights were intelligently and voluntarily waived and [he] did voluntarily make such statements.

█ We have carefully reviewed all of the testimony at the *Jackson/Denno* hearing and find that it supports the trial judge's findings. Thus, we overrule ground of error four.

Ground of error five deals with Appellant's claim that his statement should have been suppressed because he was denied counsel. The record simply does not support this contention. Ground of error five is overruled.

█ In ground of error six, Appellant contends that the trial court erred when it refused to withdraw the enhancement count because the proof of the count fatally varied from the pleading. Appellant presented an identical ground of error, which we overruled, in his other appeal. *See Shannon*, 681 S.W.2d at 142. We rely on our reasoning and conclusions in that opinion to hold that no variance occurred. We overrule ground of error six.

Finally, Appellant argues that the trial court committed fundamental error because the jury charge failed to define the offense of which he was convicted. He points out that he was indicted for one count of murder and two counts of aggravated robbery. However, he incorrectly informs this court that the State never elected which theory it would pursue at trial. As discussed in ground of error one, the State abandoned all charges except one count of aggravated robbery under TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 1974). Apparently Appellant believes that fundamental error occurred because the court defined aggravated robbery under TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1974), in the general definition of the charge. However, in the application of the law to the facts, the court correctly restricted the jury's considerations to the allegations contained in the indictment. This discrepancy does not constitute fundamental error. *Grady v. State*, 614 S.W.2d 830, 831 (Tex.Crim.App.1981). We find no error and overrule ground of error seven.

The conviction is affirmed.