Arness **WHITE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 553–94.

Court of Criminal Appeals of Texas, En Banc.

Dec. 21, 1994.

---

Brian Wice, Houston, for appellant.

John B. Holmes, Dist. Atty., and Rikke Burke and Elsa Alcala, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

*OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted appellant of the offense of aggravated robbery. See TEX.PENAL CODE ANN. § 29.03. The trial court found both of the enhancement allegations against appellant to be true, and assessed his punishment at 65 years' confinement in the Texas Department of Criminal Justice, Institutional Division. See § 12.42(d). Appellant pursued an appeal of his conviction and sentence. The Court of Appeals affirmed his conviction. *White v. State*, 874 S.W.2d 229 (Tex.App.— Houston [14th Dist.] 1994).

In that appeal, appellant argued the trial court erroneously permitted the State to delete the words "use a" from the indictment at his arraignment.[1] Appellant asserted this constituted an amendment of the indictment, and that he was therefore entitled to the ten-day notice provision of TEX.CODE CRIM. PROC.ANN. Art. 28.10. The Court of Appeals held:

> "It is clear from the wording of the original indictment that what was intended was "use and exhibit." ... when a charging instrument alleges an offense in the conjunctive, as with the use of the word "and," it is proper to charge the jury in the disjunctive form by using the word "or." (citations omitted) The decision to abandon one of two alternative allegations as to the manner of committing the offense is not an amendment of the indictment within the meaning of Art. 28.10."

*White v. State*, at 232. The Court of Appeals explained the deletion "was merely an abandonment of one of the alternative theories as to how the crime was committed." *White*, at 233. The Court of Appeals distinguished the instant case from cases wherein changes in indictments were considered to be amendments because the latter were "clear changes and amendments which affected substantially the charges against the defendants." *White v. State*, 874 S.W.2d, at 232. In the instant case, the deletion "neither charged appellant with a new offense nor prejudiced any of his substantial rights." *White*, at 233.

This Court granted appellant's petition for discretionary review on the ground:

> "Whether the Court of Appeals erred in holding that the trial court did not err in permitting the State, over defense counsel's objection, to amend the indictment on the day of trial by deleting the words "use a" from the indictment in violation of Article 28.10, V.A.C.C.P."

After careful consideration of the record of this case, of the briefs filed by both parties, and of the opinion of the Court of Appeals, we find that appellant's petition was improvidently granted. TEX.R.APP.PROC. Rule 202(k).

Appellant's petition for discretionary review is hereby dismissed.

BAIRD, Judge, concurring.

Although I agree with the majority's ultimate conclusion to affirm the judgment of the Court of Appeals, I do not believe our decision to grant this petition for discretionary review was improvident. The Court of Appeals' opinion does not fully explain the ambiguous distinction in the law between an "amendment" and an "abandonment." Consequently, this Court should make an effort to draw a clearer distinction between these two methods of altering an indictment. Because the majority fails to undertake that effort, I write separately.

---

1. The section of the indictment at issue, before the deletion, read, "... the Defendant did then and there **use a** exhibit a deadly weapon, to wit, A KNIFE." After the deletion, it read, "... the Defendant did then and there exhibit a deadly weapon, to wit, A KNIFE."

## I.

The problem in the instant case stems from the State's deletion of two words from the indictment. Prior to that deletion, the indictment read, in pertinent part, that appellant:

[w]hile in the course of committing theft of property owned by TAMMY PINSON and with intent to obtain and maintain control of the property, intentionally and knowingly threaten[ed] and place[d] TAMMY PINSON in fear of imminent bodily injury and death, and [appellant] did then and there, *use a* exhibit a deadly weapon, to wit, A KNIFE.[1]

At the arraignment, the State moved to delete the words "use a" from the indictment by bracketing those words and writing "abandoned by State" underneath them. The trial judge granted the State's motion over appellant's objection. Appellant, contending the alteration was an amendment, requested ten days to respond. *See,* Tex. Code Crim.Proc.Ann. art. 28.10(a).

The issue before the Court of Appeals was whether the alteration of the indictment violated the prohibition against amending an indictment on the day of trial. *See, State v. Murk,* 815 S.W.2d 556, 558 (Tex.Cr.App. 1991); *Sodipo v. State,* 815 S.W.2d 551, 556 (Tex.Cr.App.1990); *and,* art. 28.10.[2] The Court of Appeals held art. 28.10 did not apply because rather than amending the indictment, the State merely *abandoned* one of two alternate means of alleging the offense. *State v. White,* 874 S.W.2d 229, 233 (Tex. App.—Houston [14th Dist] 1994).

## II.

The Court of Appeals' conclusion that the deletion from the indictment was an abandonment and "did not constitute an amendment to the indictment within the meaning of art. 28.10," *White,* 874 S.W.2d at 233, does not explain the distinction between alterations to an indictment which are amendments within the meaning of art. 28.10 and those which are not. *Black's Law Dictionary* defines an amendment as an "alter[ation] by modification, deletion, or addition." *Black's Law Dictionary,* 81 (6th ed. 1990). This definition, however, clearly encompasses both an amendment and an abandonment. To my knowledge, this Court has never defined an amendment. We have, however, explained that an amendment consists of the actual physical alteration of the indictment. *Ward v. State,* 829 S.W.2d 787, 793 (Tex.Cr.App. 1992). Nonetheless, the physical alteration of an indictment, in itself, does not always constitute an amendment within the meaning of art. 28.10. *Garcia v. State,* 537 S.W.2d 930, 932–933 (Tex.Cr.App.1976) (deletion of allegation was "no[t] [an] amendment, but merely an abandonment of one of the ways or means by which the offense could be committed"); *and, Stockton v. State,* 756 S.W.2d 873, 875 (Tex.App.—Austin 1988) ("abandonment of an allegation ... in order to proceed on the lesser included offense is merely the decision not to offer proof, and art. 28.10 does not apply").

Although my research has failed to uncover any cases in which we have attempted to detail the distinction between an amendment and an abandonment, a review of the caselaw relating to art. 28.10 reveals three circum-

---

1. All emphasis is supplied unless otherwise indicated.

2. Tex.Code Crim.Proc.Ann. art. 28.10 provides:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if the amended indictment of information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.

Prior to 1985, art. 28.10 provided:

Any matter of form in an indictment or information may be amended at any time before the announcement of ready for trial upon the merits by both parties, but not afterward. No matter of substance can be amended.

*See also,* Tex.Code Crim.Proc.Ann. art. 533 (1925) (repealed 1966).

stances in which the State may alter an indictment without implicating art. 28.10. First, the State may alter the indictment by abandoning one or more alternative means in which a defendant may commit an offense. *Garcia*, 537 S.W.2d at 933. Second, the State may alter the indictment by abandoning an allegation which reduces the prosecution to a lesser-included offense. *Leonard v. State*, 481 S.W.2d 117, 118 (Tex.Cr.App.1972). Third, the State may alter the indictment by deleting surplusage. *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Cr.App.1975).

### A. Alternative means of committing an offense

When a statute provides that an offense may be committed by alternative means, the State may charge those alternatives in the same indictment. *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Cr.App.1991); *and, Robinson v. State*, 596 S.W.2d 130, 133–134 (Tex.Cr.App.1980). Moreover, while those means may be alleged in the conjunctive, the jury may be charged in the disjunctive and a conviction on any mean alleged will be upheld if it is supported by the evidence. *Kitchens*, 823 S.W.2d at 258; *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex.Cr.App.1982); *and, Vasquez v. State*, 665 S.W.2d 484, 486–487 (Tex.Cr.App.1984). Thus, because the State has the discretion to allege alternative means of committing an offense, the State may abandon one or more of those means without it constituting an amendment within the scope of art. 28.10. *Garcia*, 537 S.W.2d at 933. *See also, Holder v. State*, 837 S.W.2d 802, 806 (Tex.App.—Austin 1992); *Brown v. State*, 843 S.W.2d 709, 712 (Tex.App.—Dallas 1992); *Yates v. State*, 766 S.W.2d 286, 290 (Tex.App.—Dallas 1989); *Stockton*, 756 S.W.2d at 875–876 n. 2; *and, Tooke v. State*, 642 S.W.2d 514, 517 (Tex.App.—Houston [14th Dist.] 1982).

### B. Lesser–Included Offense

The State may also abandon an allegation in the indictment if doing so reduces the prosecution to that of a lesser included offense.[3] *See, Allison v. State*, 618 S.W.2d 763, 766–765 (Tex.Cr.App.1981); *Leonard v. State*, 481 S.W.2d at 118; *Thomas v. State*, 451 S.W.2d 907, 909 (Tex.Cr.App.1970); *Watson v. State*, 149 Tex.Crim. 643, 197 S.W.2d 1018, 1019 (1946) *Brown*, 843 S.W.2d at 712; *Babers v. State*, 834 S.W.2d 467, 470 (Tex. App.—Houston [14th Dist.] 1992); *and, Stockton*, 756 S.W.2d at 875. In *Leonard*, for example, the defendant was charged with robbery by using and exhibiting a firearm. *Id.*, 481 S.W.2d at 118. The State subsequently filed a motion to dismiss the firearms portion of the indictment. *Id.* We held the abandonment of the firearm allegation was proper because it reduced the State's prosecution to a lesser included offense of that originally charged. *Id.* Consequently, an abandonment of an allegation which results in a prosecution for a lesser included offense is not an amendment within the scope of art. 28.10.

### C. Surplusage

Finally, the State may abandon surplusage, *e.g.*, delete words or allegations which are not essential to the validity of the indictment, without violating art. 28.10. *Whetstone v. State*, 786 S.W.2d 361, 365 (Tex.Cr. App.1990); *Davis v. State*, 532 S.W.2d 626, 629–630 (Tex.Cr.App.1976); *Burrell v. State*, 526 S.W.2d 799, 802 (Tex.Cr.App.1975); *Brown*, 843 S.W.2d at 712; *and, Stockton*, 756 S.W.2d at 875–876, n. 2. However, this rule is subject to the exception that "where the unnecessary matter is descriptive of that which is legally essential to charge a crime it must be proven as alleged, even though needlessly stated." *Burrell*, 526 S.W.2d at 802. *See also, Wray v. State*, 711 S.W.2d 631, 633 (Tex.Cr.App.1986); *and, Franklin v. State*, 659 S.W.2d 831, 833 (Tex.Cr.App.1983). Accordingly, when the indictment describes a necessary person, place or thing with unnecessary particularity, those additional allegations cease to be surplusage and may not be

---

**3.** Although this seemingly violates the prohibition in art. 28.10(c) against amending an indictment to charge a different offense, we have justified this on the ground that "the greater offense … necessarily includes all the lesser included offenses whether each of their constituent elements are alleged in the wording of the indictment on the greater offense or not." *Allison v. State,* 618 S.W.2d 763, 764 (Tex.Cr.App.1981).

abandoned by the State without violating art. 28.10. *Burrell,* 526 S.W.2d at 803. But where allegations are neither essential to charge an offense nor descriptive of those elements which are essential, their deletion from the indictment does not fall within the scope of art. 28.10. *See, Davis,* 532 S.W.2d at 629–630.

### III.

In sum, those alterations to an indictment which delete one or more alternative means of committing an offense, delete allegations resulting in the prosecution for a lesser-included offense, or delete surplusage, are abandonments, not amendments, within the meaning of art. 28.10. By exclusion, all other alterations constitute amendments to the indictment and are subject to art. 28.10.

In light of the foregoing, the Court of Appeal's conclusion that art. 28.10 did not apply to the State's deletion of "use a" from the indictment was correct because the State merely abandoned an allegation charging one of the alternative means of committing aggravated robbery. *See,* Tex.Penal Code Ann. § 29.03(a)(2). Accordingly, art. 28.10 did not apply to the instant case.

With these comments I join only the judgment of the Court.

MILLER, J., joins this opinion.

CLINTON, Judge, dissenting.

I dissent to the action of the Court in improvidently granting this petition for discretionary review. It is true we have held under former versions of Article 28.10, V.A.C.C.P. that the abandonment of an alternative statutory theory of prosecution does not constitute an "amendment." *Garcia v. State,* 537 S.W.2d 930, at 933 (Tex.Cr.App. 1976). But that was before the 1985 amendment to that provision providing for ten days for the defendant to respond to an amendment. See Acts 1985, 69th Leg., ch. 577, § 1, eff. Dec. 1, 1985. As Judge Baird points out in his concurring opinion, we have never defined the parameters of the word "amendment." We have said that an amendment "is the actual alteration of the charging instrument." *Ward v. State,* 829 S.W.2d 787, at 793 (Tex.Cr.App.1992). Whether this means *any* alteration of a charging instrument will necessarily constitute an "amendment," however, we have not said. Since the word has so far been given no specialized meaning, I take it to have whatever meaning it conveys in ordinary acceptation. Even in legal parlance, as Judge Baird also points out, an "amendment" may, *inter alia,* "alter by ... deletion." Black's Law Dictionary, at 81 (6th ed. 1990). Is that not what happened in this cause?

Whether we will adhere to *Garcia* in view of the 1985 amendment to the statute seems to me an open question, and a sufficiently important one that we granted discretionary review in the first instance. The Court does not now explain why the question has lost its import. I would address it. Because the Court does not, I dissent.