TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00518-CR







Joel Cowart, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0981312, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 Appellant Joel Cowart was convicted of the offenses of indecency with a child by
contact and by exposure. See Tex. Penal Code Ann. § 21.11 (West Supp. 2000). The trial court
assessed appellant's punishment on each count at imprisonment for ten years; imposition of
sentence was suspended, and appellant was granted community supervision. Appellant asserts that
he was denied his federal and state constitutional rights to a speedy trial and that pre-indictment
delay violated his Fifth Amendment right to due process. We will affirm the judgments.

 As a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made in the trial court by a timely request, objection, or motion
stating grounds for the ruling that the complaining party sought from the trial court, and the
record must show that the trial court ruled on the request, objection, or motion either expressly
or impliedly. See Tex. R. App. P. 33.1. A complaint that a defendant was not given a speedy
trial must be raised in the trial court to preserve the complaint for appellate review. See Dunn
v. State, 819 S.W.2d 510, 526 (Tex. Crim. App. 1991); Mulder v. State, 707 S.W.2d 908, 914-15 (Tex. Crim. App. 1986); Fraire v. State, 588 S.W.2d 789, 791 (Tex. Crim. App. 1979); Dean
v. State, 995 S.W.2d 846, 850 (Tex. App.--Waco 1999, no pet.); Guevara v. State, 985 S.W.2d
590, 591-93 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd); Serna v. State, 882 S.W.2d 885,
889-90 (Tex. App.--Corpus Christi 1994, no pet.); Shannon v. State, 681 S.W.2d. 142, 144 (Tex.
App.--Houston [14th Dist.] 1984), pet. ref'd, 693 S.W.2d 390, 391 (Tex. Crim. App. 1985).

 A court reporter's record of the trial court proceedings is not in the appellate
record. We have before us only the clerk's record. Appellant's complaints of denial of a speedy
trial and pre-indictment delay were not raised in the trial court but are raised for the first time in
his appellate brief. Therefore, the alleged errors were not preserved for appellate review. 
Appellant's points of error are overruled.

 The judgments are affirmed.



 


 Carl E. F. Dally, Justice

Before Justices Jones, Yeakel and Dally

Affirmed

Filed: August 31, 2000

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



">



NO. 03-99-00518-CR







Joel Cowart, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0981312, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING








 Appellant Joel Cowart was convicted of the offenses of indecency with a child by
contact and by exposure. See Tex. Penal Code Ann. § 21.11 (West Supp. 2000). The trial court
assessed appellant's punishment on each count at imprisonment for ten years; imposition of
sentence was suspended, and appellant was granted community supervision. Appellant asserts that
he was denied his federal and state constitutional rights to a speedy trial and that pre-indictment
delay violated his Fifth Amendment right to due process. We will affirm the judgments.

 As a prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made in the trial court by a timely request, objection, or motion
stating grounds for the ruling that the complaining party sought from the trial court, and the
record must show that the trial court ruled on the request, objection, or motion either expressly
or impliedly. See Tex. R. App. P. 33.1. A complaint that a defendant was not given a speedy
trial must be raised in the trial court to preserve the complaint for appellate review. See Dunn
v. State, 819 S.W.2d 510, 526 (Tex. Crim. App. 1991); Mulder v. State, 707 S.W.2d 908, 914-15 (Tex. Crim. App. 1986); Fraire v. State, 588 S.W.2d 789, 791 (Tex. Crim. App. 1979); Dean
v. State, 995 S.W.2d 846, 850 (Tex. App.--Waco 1999, no pet.); Guevara v. State, 985 S.W.2d
590, 591-93 (Tex. App.--Houston [14th Dist.] 1999, pet. ref'd); Serna v. State, 882 S.W.2d 885,
889-90 (Tex. App.--Corpus Christi 1994, no pet.); Shannon v. State, 681 S.W.2d. 142, 144 (Tex.
App.--Houston [14th Dist.] 1984), pet. ref'd, 693 S.W.2d 390, 391 (Tex. Crim. App. 1985).

 A court reporter's record of the trial court proceedings is not in the appellate
record. We have before us only the clerk's record. Appellant's complaints of denial of a speedy
trial and pre-indictment delay were not raised in the trial court but are raised for the first time in
his appellate brief. Therefore, the alleged errors were not preserved for appellate review. 
Appellant's points of error are overruled.

 The judgments are affirmed.



 


 Carl E. F. Dally, Justice

Before Justices Jones, Yeakel and Dally

Affirmed

Filed: August 31, 2000

Do N