NUMBER 13-03-126-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
DONALD LOUIS JORDAN,                                                          Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 92nd District Court
of Hidalgo County, Texas.




 M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Chief Justice Valdez
          Appellant, Donald L. Jordan, was convicted of aggravated assault and
sentenced to seven years imprisonment. In four issues, appellant challenges the
sufficiency of the evidence, the failure to submit an instruction on the lesser-included
offense of assault, and the admission of evidence of an extraneous offense. We
affirm.
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of this Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
         In his first two issues, appellant contends that the evidence is legally and
factually insufficient to support his conviction. In reviewing the legal sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the verdict. Cardenas v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App.
2000). The critical inquiry is whether, after so viewing the evidence, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. Id. 
         In evaluating the factual sufficiency of the evidence, we determine whether a
neutral review of all of the evidence demonstrates that the fact finder was rationally
justified in finding guilt beyond a reasonable doubt. Zuniga v. State, No. 539-02,
2004 Tex. Crim. App. LEXIS 668, *20 (Tex. Crim. App. Apr. 21, 2004). There are
two ways in which the evidence may be insufficient. See id. First, if the evidence
supporting the verdict, considered alone, is too weak to support the jury’s finding of
guilty beyond a reasonable doubt, then we must find the evidence insufficient. Id. 
Second, if, when we weigh the evidence supporting and contravening the conviction,
we conclude the contrary evidence is strong enough that the State could not have met
its burden of proof, we must find the evidence insufficient. Id. 
         The sufficiency of the evidence is measured by the elements of the offense as
defined by the hypothetically correct jury charge for the case. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997) (legal sufficiency); see Adi v. State, 94
S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet. ref’d) (factual sufficiency). 
This hypothetically correct charge is one that accurately sets out the law, is authorized
by the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately describes the
particular offense for which the defendant was tried. Id. 
         Appellant claims that the evidence is legally and factually insufficient to show
that appellant caused serious bodily injury to the victim or that he utilized a deadly
weapon. A person commits aggravated assault by intentionally, knowingly, or
recklessly causing serious bodily injury to another, including the person’s spouse, or
uses or exhibits a deadly weapon during the commission of the assault. Tex. Pen.
Code Ann. §§ 22.01(a), 22.02(a) (Vernon Supp. 2004). Serious bodily injury is
defined as “bodily injury that creates a substantial risk of death or that causes death,
serious permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ. See Tex. Pen. Code Ann. § 1.07(a)(46) (Vernon Supp.
2004). A deadly weapon is a firearm or anything manifestly designed, made, or
adapted for the purpose of inflicting death or serious bodily injury; or anything that in
the manner of its use or intended use is capable of causing death or serious bodily
injury. Tex. Pen. Code Ann. § 1.07(a)(17) (Vernon Supp. 2004). 
          The State argues that it was not required to prove both serious bodily injury and
the use of a deadly weapon; rather, the State must have proved either that appellant
caused serious bodily injury or that the defendant used a deadly weapon. See Tex.
Pen. Code Ann. § 22.02(a) (Vernon Supp. 2004) (person commits aggravated assault
if the person commits an assault and the person causes serious bodily injury or uses
or exhibits a deadly weapon); Campbell v. State, 128 S.W.3d 662, 666 (Tex.
App.–Waco 2003, no pet.); Madden v. State, 911 S.W.2d 236, 244 (Tex.
App.–Waco 1995, no pet.). We agree. 
         When a statute provides that an offense may be committed by alternate means,
the State may charge those alternatives in the same indictment in the conjunctive. 
See Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991). While those
means may be alleged in the conjunctive, the jury may be charged in the disjunctive,
and a conviction on any means alleged will be upheld if it is supported by the evidence. 
See id.; see also Rosales v. State, 4S.W.3d 228, 231 (Tex. Crim. App. 1999); White
v. State, 890 S.W.2d 69, 72 (Tex. Crim. App. 1994).
         In the instant case, count two of the indictment alleged that appellant did
“intentionally, knowingly, or recklessly cause serious bodily injury to Lesli Jordan by
striking her with a board, and [appellant] did then and there use or exhibit a deadly
weapon, to wit: a board, during the commission of the assault.” While the jury charge
defined aggravated assault in the disjunctive, the application paragraph in the charge
did not include the phrase “deadly weapon.” The record reflects that the State
dropped the “deadly weapon” option pursuant to one of appellant’s objections to the
charge. 
         Thus, in terms of “setting out the law” as “authorized by the indictment,” the
hypothetically correct jury charge in this case would have to instruct the jury that, to
find appellant guilty, they must find that either appellant intentionally, knowingly, or
recklessly caused serious bodily injury to Lesli Jordan by striking her with a board, or
that appellant used or exhibited a deadly weapon, that is, the board, during the
commission of the assault. We measure the evidence accordingly.
         A review of the record reveals that, after an evening of domestic quarrels,
appellant repeatedly hit his wife, Lesli Jordan, with a wooden “two-by-four” board that
was approximately twenty-nine inches long. Lesli had asked appellant to leave their
apartment following a fight and physical attack by appellant, in which appellant
threatened to kill her. Appellant returned to the apartment several hours later, entered
through a window, and surprised Lesli. Appellant testified that he “lost it” or
“snapped” and began hitting his wife with the two-by-four. The bloody board and a
bloody pillowcase were removed from the scene. Lesli was transported by ambulance
to the emergency room at McAllen Medical Center. 
         Dr. Fayez Nahhas, the physician who treated Lesli in the emergency room, 
testified that, upon arrival, Lesli had a “deformity” of her left forearm, specifically, a
left ulna fracture that required surgery, a contusion to her head, a laceration to her
knee, and abrasions to her hip and right shoulder. After being provided with the
definition of a serious bodily injury, Nahhas agreed that the injury to Lesli’s forearm
would constitute serious bodily injury “if she goes untreated,” and further testified that
if treated, loss of use or protracted loss of use “depends on the complications.” 
         Lesli testified that she was hospitalized for two to three days. The bone in her
forearm was shattered and replaced with a metal plate. Her arm was scarred and, at
the time of trial, she still did not have the ability to “grip” with her hand. The
laceration to her right knee required sixty-three stitches and fifteen staples to close,
resulting in visible scarring. Lesli testified that she could not walk for two weeks
following the incident, and her knee may require future surgery to repair torn ligaments
resulting from the attack. She further testified she had not worked since the assault
because she possesses “minimum usage” in her arm and is not supposed to be
standing on her leg. Her medical records and photographs of her injuries prior to
treatment were all before the jury, as was the board utilized in the assault. 
         Reviewing the evidence in the light most favorable to the verdict, see Cardenas,
30 S.W.3d at 389-90, we conclude that the jury could have found beyond a
reasonable doubt that appellant caused either permanent disfigurement or a protracted
loss or impairment of the function of a bodily member and therefore caused serious
bodily injury. See Brown v. State, 605 S.W.2d 572, 575 (Tex. Crim. App. 1980)
(serious bodily injury found where evidence showed disfiguration and impairment were
permanent unless medical attention was sought); Webb v. State, 801 S.W.2d 529,
533 (Tex. Crim. App. 1990) (requiring evidence that injury, without surgery, would
have caused permanent disfigurement or protracted loss or impairment). Furthermore,
we conclude that a neutral review of all of the evidence demonstrates that the jury
was rationally justified in finding that the complainant suffered a serious bodily injury
beyond a reasonable doubt. Zuniga, 2004 Tex. Crim. App. LEXIS 668 at *20. 
         Accordingly, we have found the evidence sufficient to support appellant’s
conviction under one of the alternative methods for committing the offense. See
Kitchens, 823 S.W.2d at 258. We further conclude, although it is unnecessary to our
analysis, that the evidence is legally and factually sufficient for the jury to conclude
that the board was, in the manner of its use, capable of causing death or serious
bodily injury. See Tex. Pen. Code Ann. §1.07(a)(17)(b) (Vernon 2004) (a deadly
weapon is anything that in the manner of its use is capable of causing death or serious
bodily injury); Bailey v. State, 46 S.W.3d 487, 491-92 (Tex. App.–Corpus Christi
2001, pet. ref’d) (op. on reh’g) (board as deadly weapon); Cervantes v. State, 765
S.W.2d 685, 688 (Tex. App.–Houston [14th Dist.] 1986, no pet) (board as deadly
weapon). In reaching this determination, we consider the close physical proximity
between appellant and Lesli during the assault, the violent manner of the assault, the
photographs and descriptions of Lesli’s wounds, the size and shape of the board, and
Nahhas’s testimony that the board, in the manner of its use, was capable of causing
death or serious bodily injury. See Bailey, 46 S.W.3d at 491-92. Nahhas specifically
testified that the board could kill someone if it were used to hit them over the head,
as in the instant case. We overrule appellant’s first and second issues.
         In his third issue, appellant contends the trial court erred in refusing an
instruction on the lesser-included offense of assault. Appellant’s argument concerns
count one of the indictment regarding assault on a family member; however, this count
was dismissed by the State. Appellant’s conviction is premised on count two of the
indictment regarding aggravated assault. Accordingly, this issue is moot. See Meeks
v. State, 653 S.W.2d 6, 7 (Tex. Crim. App. 1983); Shannon v. State, 681 S.W.2d
142, 144 (Tex. App.–Houston [14th Dist.] 1984, pet. ref’d). Moreover, our review
of the record reflects that the lesser-included offense of assault was included in the
charge for aggravated assault. The jury declined to find appellant guilty of simple
assault and instead convicted appellant of aggravated assault. 
         In his fourth issue, appellant argues that the trial court erred in allowing the
State to introduce evidence of an extraneous offense. Appellant specifically complains
that the trial court erred by failing to redact his written statement to remove his
admission that he “had done some weed laced with some cocaine” earlier on the day
of the assault. Appellant’s trial counsel objected to this portion of the statement as
inadmissible evidence of an extraneous offense and as more prejudicial than probative. 
In contrast, the State argued that appellant’s use of drugs showed appellant’s state
of mind during the assault and was further relevant as “res gestae.”
         Before the introduction of appellant’s statement, Lesli testified without objection
that she saw appellant doing cocaine on her arrival home from work on the day of the
assault. Any error in the admission of evidence is cured where substantially the same
evidence comes in elsewhere without objection. Ethington v. State, 819 S.W.2d 854,
858 (Tex. Crim. App. 1991). Accordingly, we overrule appellant’s fourth issue.
         The judgment of the trial court is affirmed.
 
                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 
Do not publish.
TEX. R. APP. P. 47.2 (b)
Memorandum Opinion delivered and filed
this 26th day of August, 2004.