2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
ISRAEL CERVANTES,                                    )                  No. 08-05-00253-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  203rd District Court
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0453253-MP)

O P I N I O N

            Israel Cervantes appeals his conviction of evading arrest or detention by using a vehicle. 
A jury found him guilty and sentenced him to eighteen years in prison and assessed a $10,000
fine. We affirm.
FACTUAL SUMMARY
            On June 22, 2004, Officer Colon-Melendez and his partner, Officer Whitworth, spotted a
vehicle that had been reported stolen in an aggravated robbery. The officers had received
information on their mobile computer with the description and license plate number of the car. 
The broadcast described the vehicle in detail as a dark blue 90’s model Ford Crown Victoria with
large twenty inch “mag type, shiny wheels” or rims. After the officers verified that they had
spotted the stolen car, they called for cover officers to assist them. Officer Whitworth testified it
is policy to call for cover when performing a felony stop because it is high risk. The officers
followed the suspect vehicle while they were waiting for the cover officers to arrive. At this
time, lights and sirens were not yet activated. Soon after the cover officers arrived, the vehicle
appeared to pull over at the corner of Church and White Rock Trail in a residential area. Officer
Colon-Melendez turned on the lights of the patrol car and the suspects took off northbound on
White Rock Trail. There were two people inside the car. 
            The speed limit through the residential area was between 25 and 35 miles per hour. The
officers followed the vehicle down White Rock Trail at speeds of 60 to 70 miles per hour. The
car then turned on Audelia and swerved through traffic at speeds of 70 to 85 miles per hour. The
chase continued on Skillman at speeds upwards of 100 and 110 miles per hour. Officer Colon-Melendez testified that the stolen vehicle ran at least one red light at the intersection of Jupiter
and McCree and narrowly missed colliding with a pick up truck traveling through the
intersection. Officer Whitworth testified that the stolen vehicle ran the light and that the officers
almost had to come to a complete stop to avoid a collision. The stolen vehicle continued
southbound on Jupiter before colliding with another vehicle just south of Northwest Highway. 
The car spun completely around so it was facing the northbound direction in the northbound
lanes. Officer Colon-Melendez and Officer Whitworth observed two people jump out of the
vehicle, one from the driver side and the other from the passenger side. The driver ran west
while the passenger ran east. Both officers identified Appellant as the person who jumped out of
the driver side. He ran down an alley parallel to Northwest Highway and the officers gave chase
in the patrol car. They pursued him for 25 to 50 yards through the alley before taking him into
custody. The passenger, identified as Appellant’s brother, was apprehended by Officer Blanco
who was driving the third patrol car.
 

LEGAL SUFFICIENCY
            Appellant contends in his sole point of error that the evidence was legally insufficient to
prove the officers were lawfully attempting to arrest or detain him.
Standard of Review
            In a legal sufficiency challenge, we review the evidence in the light most favorable to the
verdict in determining whether a rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979); Stewart v. State, 187 S.W.3d 249, 255 (Tex.App.--El Paso 2006, pet. filed). 
We must consider all evidence ruled admissible by the trial court, whether proper or improper, in
determining whether the evidence was sufficient to support a conviction. Chambers v. State, 805
S.W.2d 459, 460 (Tex.Crim.App. 1991); Miles v. State, 918 S.W.2d 511, 512 (Tex.Crim.App.
1996). “We do not resolve any conflict in fact, weigh any evidence or evaluate the credibility of
any witnesses, and thus, the fact-finding results of a criminal jury trial are given great deference.” 
Stewart, 187 S.W.3d at 255, citing Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex.App.--El
Paso 1995, pet. ref’d). Any inconsistencies in the evidence will be resolved in favor of the
verdict. Id. at 255-56. The trier of fact, not the reviewing court, has the liberty to accept or reject
any and all testimony given by a witness. Id. at 256; Adelman v. State, 828 S.W.2d 418, 421
(Tex.Crim.App. 1992). 
The Offense
            A person commits an offense if he intentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him. Tex.Penal Code Ann. § 38.04(a)(Vernon
2003). Even though the indictment alleged the offense in the conjunctive, the jury was correctly
instructed in the disjunctive, and therefore the State only had to prove that the officers were
attempting to arrest or detain Appellant. Rosales v. State, 4 S.W.3d 228, 231 (Tex.Crim.App.
1999), citing White v. State, 890 S.W.2d 69, 72 (Tex.Crim.App. 1994)(“although indictment may
allege manner and means of committing offense in the conjunctive, jury may be charged in the
disjunctive and a conviction on any method alleged will be upheld if the evidence supports it”).
            A brief investigatory detention may be lawful when based on reasonable articulable
suspicion. Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968). “An
officer is generally justified in briefly detaining an individual on less than probable cause for the
purposes of investigating possibly criminal behavior where the officer can ‘point to specific and
articulable facts which, taken together with rational inferences from those facts, reasonably
warrant [the] intrusion.’” Padilla v. Mason, 169 S.W.3d 493, 503 (Tex.App.--El Paso 2005, pet.
denied), citing Terry, 392 U.S. at 21, 88 S.Ct. 1880. Under the Fourth Amendment, there must
be some minimal level of objective justification for making the stop. U.S. Const. amend. IV;
Illinois v. Wardlow, 528 U.S. 119, 123, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000); United States v.
Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989). The level of suspicion required
for a Terry stop is less demanding than what is required for probable cause and is considerably
less than a preponderance of the evidence. Wardlow, 528 U.S. at 123; Sokolow, 490 U.S. at 7,
109 S.Ct. At 1585. Whether reasonable suspicion exists must be determined by looking at the
totality of the circumstances. Sokolow, 490 U.S. at 7-8, 109 S.Ct. At 1585.
The Evidence
            Here, the officers had reasonable suspicion that a crime had been committed and were
justified in relying on the collective information of their colleagues in their attempt to detain
Appellant. The broadcast concerning the armed robbery and stolen car was sent to the officers’
computer and identified the license plate number and type of vehicle reported stolen. See Brown
v. State, 986 S.W.2d 50, 52 (Tex.App.--Dallas 1999, no pet.)(holding an NCIC report of a stolen
vehicle not only provides reasonable suspicion for a stop, but is sufficient to support probable
cause to arrest an individual possessing it). When the officers saw a car matching the description
less than two hours later, they had reasonable suspicion to detain the car for further investigation. 
Sawyer v. State, No. 08-04-00204-CR, 2005 WL 2591884, at *4-5 (Tex.App.--El Paso Oct. 13,
2005, no pet.)(not designated for publication)(officer was justified in relying on a dispatch where
information describing the suspect, his clothes, and the car he was driving was provided to the
dispatching officer by a named store clerk, and when the officer observed a vehicle matching that
description leaving the parking lot of the store he had reasonable suspicion to further
investigate); Kelly v. State, 721 S.W.2d 586, 587 (Tex.App.--Houston [1st Dist.]1986, no
pet.)(officer who received information through his vehicle’s computer terminal regarding a stolen
vehicle had reasonable suspicion to stop and detain a defendant who was driving it). Because
Appellant intentionally fled from the officers who were attempting to lawfully detain him, the
evidence was legally sufficient such that a rational trier of fact could have found him guilty of the
offense. And having concluded that the evidence was legally sufficient to establish a lawful
detention, we need not address Appellant’s arguments regarding a warrantless arrest. We
overrule the sole issue for review and affirm the judgment of the trial court.

August 31, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)