# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-06-00494-CR
NO. 03-06-00495-CR
NO. 03-06-00496-CR

**Adam Anderson, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT
NOS. 2040889; D-1-DC-2004-302410 & D-1-DC-05-302121
HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

On February 24, 2005, appellant Adam Anderson was placed on community supervision for four years following two separate convictions for forgery of a financial instrument in trial court cause numbers 2040889 and 302410. *See* Tex. Penal Code Ann. § 32.21 (West Supp. 2006). On August 8, 2006, Anderson was convicted of aggravated sexual assault of a child and sentenced to twenty-three years' imprisonment in trial court cause number 302121. *See id.* § 22.021(a)(1)(B) (West Supp. 2006). The trial court then revoked Anderson's community supervision in the forgery causes and sentenced him to serve twenty months in a state jail facility for those causes, with the sentences to run concurrently with each other and with the sentence in the aggravated sexual assault cause.

Anderson appeals the two orders of revocation in the forgery causes and the judgment in the aggravated sexual assault cause. He contends that the trial court erred by failing to enter findings of fact and conclusions of law regarding the voluntariness of his statement to the police in the aggravated sexual assault cause as required by article 38.22 § 6 of the code of criminal procedure and by revoking his community supervision in the forgery causes on the grounds that he failed to work faithfully at suitable employment and failed to pay required costs and fees. We affirm.

Anderson contends that the trial court did not comply with the mandatory requirements of article 38.22 § 6 of the code of criminal procedure in his trial for aggravated sexual assault of a child. Under that statute, in all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding as to whether the statement was voluntary. Tex. Code Crim. Proc. Ann. art. 38.22 § 6 (West Supp. 2006). If the court finds that the statement has been voluntarily made and is admissible, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based. *Id.*

Although the requirements of article 38.22 § 6 are mandatory, this section only applies to custodial interrogations. *White v. State*, 874 S.W.2d 229, 236 (Tex. App.—Houston [14th Dist.]), *pet. dism'd, improvidently granted*, 890 S.W.2d 69 (Tex. Crim. App. 1994). No findings of fact or conclusions of law are required where the oral statements did not stem from custodial interrogation. *Id.* A person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest. *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996); *Cagle v. State*,

2

23 S.W.3d 590, 592 (Tex. App.—Fort Worth 2000, pet. ref'd) (op. on reh'g). As a general rule, when a person voluntarily accompanies law enforcement to a certain location, even though he knows or should know that law enforcement suspects that he may have committed or may be implicated in committing a crime, that person is not restrained or in custody. *Livingston v. State*, 739 S.W.2d 311, 327 (Tex. Crim. App. 1987).

In this case, at the hearing on the motion to suppress Anderson's statement to the police, the trial court inquired as to whether Anderson was in custody at the time he made the statement:

| The Court: | Was he [Anderson] in custody when he gave the confession? |
|---|---|
| [Prosecutor]: | No ma'am. |
| [Defense Counsel]: | He went in on his own. He signed a waiver form in the confession, which is recorded. He was advised he could leave at any time. |

The trial court denied the motion to suppress and made a subsequent ruling at trial that Anderson's statement to the police was voluntarily made because he was not in custody at the time he gave the statements. We have reviewed the record and agree with the trial court that Anderson's statement to the police did not stem from a custodial interrogation. Therefore, the trial court was not required to make findings of fact and conclusions of law pursuant to article 38.22 § 6.

Anderson also contends that the trial court erred by revoking his community supervision in forgery cause number 302410 on the grounds that he failed to work faithfully at suitable employment and failed to pay required costs and fees. The record shows that the State

3

presented motions to revoke Anderson's community supervision in both forgery cause numbers. It alleged that Anderson violated the terms of the supervision in cause number 302410 by failing to pay required costs and fees, failing to work faithfully at suitable employment, and committing the subsequent criminal offense of aggravated sexual assault of a child.[1] The order revoking community supervision also recites these grounds for revocation.

Anderson has not challenged the revocation of his community supervision on the ground that he committed a subsequent offense. Given that this violation alone was sufficient to revoke Anderson's community supervision under the terms of the judgment in cause number 302410, any error resulting from the revocation on the grounds that Anderson failed to maintain suitable employment or pay required costs and fees was harmless. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980) (where one ground for revocation is sufficient to support court's order revoking probation, reviewing court need not address other contentions).

Affirmed.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   July 13, 2007

Do Not Publish

_____

[1] The record shows that one condition of the judgment of community supervision was that Anderson "[c]ommit no offense against the law of this or any State or of the United States."