TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00494-CR

NO. 03-06-00495-CR

NO. 03-06-00496-CR






Adam Anderson, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 390TH JUDICIAL DISTRICT

NOS. 2040889; D-1-DC-2004-302410 & D-1-DC-05-302121

HONORABLE JULIE H. KOCUREK, JUDGE PRESIDING







M E M O R A N D U M O P I N I O N


 On February 24, 2005, appellant Adam Anderson was placed on community
supervision for four years following two separate convictions for forgery of a financial instrument 
in trial court cause numbers 2040889 and 302410. See Tex. Penal Code Ann. § 32.21 (West Supp.
2006). On August 8, 2006, Anderson was convicted of aggravated sexual assault of a child and
sentenced to twenty-three years' imprisonment in trial court cause number 302121. See id.
§ 22.021(a)(1)(B) (West Supp. 2006). The trial court then revoked Anderson's community
supervision in the forgery causes and sentenced him to serve twenty months in a state jail facility for
those causes, with the sentences to run concurrently with each other and with the sentence in the
aggravated sexual assault cause.

 Anderson appeals the two orders of revocation in the forgery causes and the judgment
in the aggravated sexual assault cause. He contends that the trial court erred by failing to enter
findings of fact and conclusions of law regarding the voluntariness of his statement to the police in
the aggravated sexual assault cause as required by article 38.22 § 6 of the code of criminal procedure
and by revoking his community supervision in the forgery causes on the grounds that he failed to
work faithfully at suitable employment and failed to pay required costs and fees. We affirm.

 Anderson contends that the trial court did not comply with the mandatory
requirements of article 38.22 § 6 of the code of criminal procedure in his trial for aggravated sexual
assault of a child. Under that statute, in all cases where a question is raised as to the voluntariness
of a statement of an accused, the court must make an independent finding as to whether the statement
was voluntary. Tex. Code Crim. Proc. Ann. art. 38.22 § 6 (West Supp. 2006). If the court finds that
the statement has been voluntarily made and is admissible, the court must enter an order stating its
conclusion as to whether or not the statement was voluntarily made, along with the specific finding
of facts upon which the conclusion was based. Id.

 Although the requirements of article 38.22 § 6 are mandatory, this section only
applies to custodial interrogations. White v. State, 874 S.W.2d 229, 236 (Tex. App.--Houston
[14th Dist.]), pet. dism'd, improvidently granted, 890 S.W.2d 69 (Tex. Crim. App. 1994). No
findings of fact or conclusions of law are required where the oral statements did not stem from
custodial interrogation. Id. A person is in custody only if, under the circumstances, a reasonable
person would believe that his freedom of movement was restrained to the degree associated with a
formal arrest. Dowthitt v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996); Cagle v. State,
23 S.W.3d 590, 592 (Tex. App.--Fort Worth 2000, pet. ref'd) (op. on reh'g). As a general rule,
when a person voluntarily accompanies law enforcement to a certain location, even though he knows
or should know that law enforcement suspects that he may have committed or may be implicated in
committing a crime, that person is not restrained or in custody. Livingston v. State, 739 S.W.2d 311,
327 (Tex. Crim. App. 1987).

 In this case, at the hearing on the motion to suppress Anderson's statement to the
police, the trial court inquired as to whether Anderson was in custody at the time he made
the statement:


 The Court: Was he [Anderson] in custody when he gave the
confession?


 [Prosecutor]: No ma'am.


 [Defense Counsel]: He went in on his own. He signed a waiver form in
the confession, which is recorded. He was advised he
could leave at any time.


The trial court denied the motion to suppress and made a subsequent ruling at trial that Anderson's
statement to the police was voluntarily made because he was not in custody at the time he gave the
statements. We have reviewed the record and agree with the trial court that Anderson's statement
to the police did not stem from a custodial interrogation. Therefore, the trial court was not required
to make findings of fact and conclusions of law pursuant to article 38.22 § 6.

 Anderson also contends that the trial court erred by revoking his community
supervision in forgery cause number 302410 on the grounds that he failed to work faithfully at
suitable employment and failed to pay required costs and fees. The record shows that the State
presented motions to revoke Anderson's community supervision in both forgery cause numbers. It
alleged that Anderson violated the terms of the supervision in cause number 302410 by failing to pay
required costs and fees, failing to work faithfully at suitable employment, and committing the
subsequent criminal offense of aggravated sexual assault of a child. (1) The order revoking community
supervision also recites these grounds for revocation.

 Anderson has not challenged the revocation of his community supervision on the
ground that he committed a subsequent offense. Given that this violation alone was sufficient to
revoke Anderson's community supervision under the terms of the judgment in cause number 302410,
any error resulting from the revocation on the grounds that Anderson failed to maintain suitable
employment or pay required costs and fees was harmless. See Sanchez v. State, 603 S.W.2d 869,
871 (Tex. Crim. App. 1980) (where one ground for revocation is sufficient to support court's order
revoking probation, reviewing court need not address other contentions).

 Affirmed.


 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: July 13, 2007

Do Not Publish
1. The record shows that one condition of the judgment of community supervision was that
Anderson "[c]ommit no offense against the law of this or any State or of the United States."