IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1213-07






ADAM ANDERSON, Appellant



v.



THE STATE OF TEXAS






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


TRAVIS COUNTY






 Per curiam.



O P I N I O N 




 Appellant was charged with aggravated sexual assault. He filed a pretrial motion to
suppress a statement which he gave to police. The trial court denied the motion, and
Appellant was convicted and sentenced to 23 years in prison. On appeal, Appellant argued
that the trial court erred in failing to enter findings of fact or conclusions of law as required
by Art. 38.22, § 6. The Court of Appeals affirmed, holding that the trial court was under no
obligation to follow that statute because Appellant was not in custody at the time he gave his
statement. Anderson v. State, __ S.W.3d __ (Tex. App. - Austin, No. 03-06-00496-CR,
delivered July 13, 2007). The Court of Appeals relied on White v. State, 874 S.W.2d 229
(Tex. App. - Houston [14th Dist.]), pet. dism'd, improvidently granted, 890 S.W.2d 69 (Tex.
Crim. App. 1994).

 Appellant has filed a petition for discretionary review contending that the Court of
Appeals erred in relying on White because that holding is no longer valid after this Court's
opinion in Terrazas v. State, 4 S.W.3d 720 (Tex. Crim. App. 1999). In Terrazas, this Court
held that Art. 38.22, § 6, applies to "all cases" and is not limited to custodial statements. 
Appellant is correct that the Court of Appeals erred to reject his claim solely on the grounds
that he was not in custody at the time he gave his statement. 

 Accordingly, we grant Appellant's petition for discretionary review, vacate the
judgment of the Court of Appeals, and remand this case to the Court of Appeals in light of
our opinion in Terrazas. 


DATE DELIVERED: NOVEMBER 7, 2007

DO NOT PUBLISH